A. McA. COUNCIL and others v. WILLIAM H. AVERETT.

*Judgment in Claim and Delivery.*

1. The judgment in claim and delivery should be in the alternative; that is, for delivery of the specific property if to be had, and if not, then its value as assessed by the jury.

2. Where the parties in such case compromised the matter and agreed upon a judgment that plaintiff should pay defendant a certain sum and costs of suit, dispensing with an order for restitution, such judgment is binding on the sureties to the plaintiff's undertaking.

3. A summary judgment may be entered up against the sureties.

(*Ins. Co.* v. *Davis,* 74 N. C., 78; *Harker* v. *Arendell, Ib.,* 85; *Manix* v. *Howard,* 82 N. C., 125, cited and approved).

CIVIL ACTION tried at Spring Term, 1883, of BLADEN Superior Court before *MacRae, J.*

This was an action of claim and delivery brought by the plaintiff to recover certain personal property (cotton, corn, &c.) alleged to be wrongfully detained by the defendant. The case is stated in the opinion. There was judgment against the plaintiff and sureties on his undertaking for the sum of six hundred dollars and costs. The sureties complain of this, and say that judgment could not be rendered against them unless in the event of a failure on the part of their principal to comply with the conditions of said undertaking, and then only by action against them upon the same.

*Messrs. W. A. Guthrie* and *J. W. Hinsdale,* for sureties.
No counsel for defendant.

SMITH, C. J. Upon the institution of this action, on December 4, 1882, under the provisions of THE CODE relating to claim and delivery (C. C. P., ch. 2), certain personal goods described in the plaintiff's affidavit were seized by the sheriff and delivered to the plaintiff, he at the time, with John T. Council and

Mary Council, sureties, executing an undertaking "in the sum of $1,200 that the plaintiff shall prosecute the action, return the property to the defendant, if such return be adjudged, and pay to him such sum as may for any cause be recovered against the plaintiff in this action." At spring term, 1883, the following judgment was entered:

"This action having been called for trial, and a compromise having been made between plaintiff and defendant, upon the terms that plaintiff pay to defendant the sum of six hundred dollars in sixty days after the adjournment of the court, and further, that plaintiff pay all the costs of this action, it is now, on motion of defendant's counsel, adjudged that the defendant do recover from plaintiff and the sureties, Mary Council and John T. Council, the sum of six hundred dollars and all costs of the action, and the same to be paid within sixty days after the adjournment of the court, or execution to issue for the same."

From this judgment the appeal is taken, the sureties complaining thereof, and assigning as error in the rendition:

That the judgment should have been entered against the principal alone for the restoration of the property to the defendant, no evidence being offered of its loss or destruction, and upon his default in returning the goods the sureties can only be reached and made liable by an action on the undertaking, according to its terms.

The course of procedure suggested to charge the sureties is that pursued in the state of New York, and the appellants have been misled by not adverting to the cases of *Boylston Ins. Co.* v. *Davis*, 74 N. C., 78, and *Harker* v. *Arendell, Ib.*, 85, where it is decided that a summary judgment may be taken against the sureties to such an undertaking, and the objection is not pressed in the argument for appellants.

The proper mode of entering up judgment is pointed out by DILLARD, J., in *Manix* v. *Howard*, 82 N. C., 125, whose words we repeat, as meeting our approval, and being in accord with the statute and the terms of the obligation assumed: "A judg-

ment for restitution merely would not and might not be effectual, for if the sheriff should be unable on execution to find the goods, or if the plaintiff has disabled himself to surrender the property, then the order of restitution becomes fruitless. The only judgment to meet such a possible state of things, it seems to us, would be a judgment to have *the specific articles returned, if to be had, and, if not, the assessed value thereof.*"

Now, the parties dispense, by agreement, with the judgment of restitution, and consent to a judgment for the value of the goods in money, the other branch of the alternative stipulation. The contract of the sureties, conforming to the directions of the statute, is, that the plaintiff shall prosecute his action, "return the property to the defendant, *if such return be adjudged, and pay to him such sum as may for any cause be recovered* against the plaintiff in this action."

The stipulation is twofold, and is explicit to pay whatever sum *for any cause may be adjudged,* and the plaintiff assents to the recovery of what is accepted as the value of the goods. The plaintiff prosecutes his own action, and the sureties assume responsibility for whatever may be legitimately and *bona fide* adjudged against their principal, who alone is the manager of his action, and by whose conduct of it they must abide. His right to compromise in preference to hazarding the results of an inquiry into the value of the goods before a jury cannot be questioned, nor is a judgment thus rendered any less binding on the sureties. This the sureties agree to pay, and the summary judgment against them also was entirely correct and proper.

No error.                                        Affirmed.