CALEB J. WINSLOW v. SAMUEL WINSLOW et al.

*Draining Lowlands—Practice—Statute—Constitution.*

1. The Statute—ch. 30, vol. 1 of The Code—authorizing the condemnation of private property for the purpose of draining lowlands, is the exercise by the State of its power for police regulation, and is constitutional.

2. Where upon an appeal from the report of the commissioners acting under that act, the jury found that the amount of land condemned by them for the purpose of the protection and reparation of the ditches was unnecessary, it was proper for the Court to remand the cause, with directions to constitute another commission.

(*Darden* v. *Simmons*, 84 N. C., 555; *Norfleet* v. *Cromwell*, 70 N. C., 634; *Brown* v. *Keener*, 74 N. C., 714, and *Pool* v. *Trexler*, 76 N. C., 297, cited and approved).

Issues arising upon SPECIAL PROCEEDING, tried before *Gudger, Judge*, at Spring Term, 1886, of PERQUIMANS Superior Court.

This is a Special Proceeding, brought in the Superior Court of the County of Perquimans, by the plaintiff, the owner of a tract of lowland, to obtain the right and authority to drain the same by cutting and keeping in repair ditches through the lands of the defendants, respectively, as allowed by The Code, chapter 30, vol. 1.

The summons was duly issued and served upon the defendants, and at the hearing of the petition the Court, (the Clerk,) made an order, appointing three commissioners to view the lands of the plaintiff and the defendants. The commissioners met, were sworn, viewed the land, and made their report of their proceedings to the Court. They found that the lands of the petitioner could not be drained except through the lands of the defendants, and laid off the line of one ditch, to be cut not more than ten feet wide, and not more than two and one-half feet deep at the beginning, and of sufficient depth elsewhere along its length to drain off the water, and on each side of the ditch they allotted eighteen feet of land for its protection ; and also another ditch fifteen feet wide, and allotted ten feet of land on each side of it, for its protection. They also assessed against the plaintiff, in favor of the defendant Samuel Winslow, $23.75 ; in favor of the defendant Thomas A. Winslow, $16.60 ; to the defendant B. S. Riddick and wife Sarah A., $26 ; to the defendants C. T. White and John R. Jolliff each, one cent. To this report the defendants filed sundry exceptions, that need not be set forth here. The Court made an order confirming the report, and from it the defendants appealed to the Judge in term.

In term, the Judge submitted issues to the jury, whereof the following is a copy, to each of which they responded in the negative, except the last, in response to which they assessed damages :

"1. Has the relief prayed for by the plaintiff been heretofore granted as to the J. R. White ditch? Answer. No.

"2. Has the relief prayed for by the plaintiff been heretofore granted as to the C. J. Winslow ditch? Ans. No.

"3. Is the land on each side of the J. R. White ditch, condemned by the commissioners, necessary for its protection and reparation? Ans. No.

"4. Is the land on each side of the C. J. Winslow ditch, condemned by the commissioners, necessary for its protection and reparation? Ans. No.

"5. What damages has each defendant sustained? Ans. Samuel Winslow, $23.75; Thomas Winslow, $16.60; Burrell Riddick, $26.00."

Thereupon, on motion, it was adjudged by the Court:

"1. That the plaintiff Winslow is entitled to the ditches and drains demanded by him and condemned by the commissioners.

"2. That he is not entitled to the amount of land comdemned by the jury for the protection and reparation of said ditches.

"3. That the Clerk of this Court appoint another commission of three qualified persons, to view the said land and condemn such amount of land on each side of ditches as is necessary and proper for their protection and reparation, and report their action to the said Clerk, as required by the statute.

"4. Let the question as to costs await the final judgment in this case."

From this judgment the defendants appealed to this Court.

The material part of the case settled upon appeal is as follows:

"The Jury rendered the verdict upon issues submitted to them, as set out in the record. Whereupon, the plaintiff moved the Court for judgment as rendered. The defendants moved for judgment that the plaintiff be entitled to the ditches, but to no other relief.

"Upon consideration the Court rendered the judgment set out in the record.

"The defendants appealed from the judgment rendered.

"1. Because the findings of the jury conclude the plaintiff as to all relief except the drains.

"2. Because the effect of the judgment is to take private property for private use.

"They also appealed from the refusal of the Court to grant the judgment prayed for by them."

*Mr. J. E. Bledsoe,* for the plaintiff.
*Mr. E. F. Aydlett,* for the defendant.

MERRIMON, J. (after stating the facts). No question is made as to the regularity and propriety of submitting to the jury the issues set forth in the record, and we advert to them only for the purpose of saying that it may be questionable whether it is proper to submit such as they are. *Darden* v. *Simmons,* 84 N. C., 555.

The first exception cannot be sustained, because granting in this case, that the third and fourth issues were properly submitted to the jury, it does not follow from their finding that no land was necessary for the protection and reparation of the ditches.

The Court did not think so, and hence made an order that new commissioners be appointed to view the lands, and make further report. The statute, (The Code, §1302,) expressly provides, that the commissioners may designate the width of land on each side of such ditches, necessary for such purposes. It may be, that the new commissioners will designate the same in a less width of land, or none at all. They are made the judges of the necessity and its extent.

Nor can the second exception be sustained. It is true, that the property of the defendants cannot be taken simply for the private use of the plaintiff, nor is it proposed to do this in contemplation of law. It is well settled, that the statute that authorizes this and like proceedings, and providing for the drainage of low and swamp lands, does not conflict with the Constitution. The Legislature, in the exercise of the police powers of government, had authority to enact it, with a view to the promotion of the general welfare, and the mere fact that one or more individuals may derive from it peculiar and particular benefits and advantages, does not destroy in effect its validity. This is so well settled that we need not now add to a discussion already replete. *Norfleet* v.

*Cromwell,* 70 N. C., 634; *Brown* v. *Keener,* 74 N. C., 714; *Pool* v. *Trexler,* 76 N. C., 297.

For the reasons already stated, the Court properly refused to give judgment as prayed for by the defendants, that the plaintiff "be entitled to the ditches, but to no other relief."

The judgment must be affirmed, and to that end let this opinion be certified to the Superior Court as the law directs.

No error.                                   Affirmed.