BRITISH AND AMERICAN MORTGAGE COMPANY v. W. W. LONG et al.

*Description in Deed—Reformation of Deed—Cloud upon Title—Injunction.*

1. Where the proper construction of the description of land in a deed gives the grantor all the land to which he lays claim, the reformation of the deed to correct a supposed misdescription will be denied.

2. When a deed or will once sufficiently identifies the thing by its known name or other means and then superadds, unnecessarily, to the description, such further description, though inaccurate, will not vitiate the previous and perfect description; therefore, where the owners of a large body of land sold off two small tracts so as to divide it into three separate tracts and subsequently conveyed the remainder, describing it as " those tracts or parcels of land *lying in one body*," and the boundaries following such description clearly show the intention of the parties to include in the deed the three tracts remaining unsold : *Held*, that the description in the deed will cover all the land within the boundaries, although there are *three* tracts instead of one.

3. Under ch. 6, Acts of 1893, to determine adverse claims to land, the owner of land is entitled to an injunction, pending the action, to restrain a judgment creditor of his vendor from selling the land under a judgment asserted to be a lien upon it.

Appeal from an order continuing a restraining order to the hearing, made in chambers at Halifax, by *Whitaker, J.* Defendants appealed.

The plaintiff complained that in February, 1890, the defendants Long and wife made a deed of trust to secure plaintiff for money loaned, conveying certain lands in Halifax and Warren Counties by the following description: "All the following described real estate, lying in the counties of Warren and Halifax and State of North Carolina, to-wit: All those tracts or parcels of land lying in one body in the counties of Warren and Halifax, of which the late Samuel A. Williams was seized and possessed at the time of his death, bounded on the north by the lands of Henry Wallett and G. Branch Alston; on the west by the lands of John Neal, Dudley Neal, Transberry Neal and LaFayette Williams; on the south by the lands of W. H. Shearin, W. G. Shearin, Mrs. Ruina T. Alston and S. W. Hamlet; and on the east by Big Fishing Creek and the land of T. C. Williams; containing in all seven thousand acres, more or less."

The plaintiff has recently discovered by an actual survey of the land that the same does not lie *in one body,* as described in said deed of trust, but by reason of the sale by former owners of two small tracts off of the said body, it is now divided into three separate tracts, about 4,506 acres in one, about 1,344 acres in another, and about 82 acres in the third.

Plaintiff further complains that the misdescription above named occurred by the mutual mistake of all the parties to the deed of trust; that certain judgment creditors of defendant Long, who are also defendants in this action, and whose judgments had been docketed since the registration of said deed of trust, were making efforts to sell said lands under

execution upon their judgments, and thereby to cast a cloud upon plaintiff's title to the land.

Some of the answers admit that judgment creditors are making efforts to sell the 1,344- and 82-acre tracts, and deny that they are covered by the deed of trust to plaintiff or subject to the same.

The prayer is for a reformation of the deed, if in the opinion of the Court it is necessary to be done, and for other relief, and for an injunction to prevent further proceeding on the part of judgment creditors, parties defendant, until the determination of this action. This in brief is the contention of the parties.

*Mr. R. O. Burton,* for plaintiff.

*Messrs. Thos. N. Hill* and *E. W. Timberlake,* for defendants (appellants).

MACRAE, J. (after stating the facts): We see no necessity for a reformation of the deed of trust in the manner desired by the plaintiff, because in our opinion the description of the land in the deed of trust will cover all of the land which belonged to the said Long and wife within the boundaries set out in the deed, although it should turn out that there were three tracts instead of one body of land.

The rules laid down by Chief Justice TAYLOR in *Cherry* v. *Slade,* 3 Murphy, 82, have been frequently quoted and approved, as will be seen by reference to the above case in Womack's Digest, No. 1597:

" 1. That whenever a natural boundary is called for in a patent or a deed, the line is to terminate at it, however wide of the course called for it may be, or however short or beyond the distance specified.

" 3. Where the lines or corners of an adjoining tract are called for in a deed or patent, the lines shall be extended to them without regard to distance, provided these lines and

corners be sufficiently established, and that no other depar-
ture be permitted from the words of the patent or deed than
such as necessity enforces or a true construction renders nec-
essary."

According to the contention of the plaintiff, all of the
land, formerly in one body, now separated into three tracts
by the sale of a small portion thereof, is bounded as described
in the deed of trust; the lines of the adjoining tracts called
for will not fit either of the three tracts apart from the other
two, but the said lines will bound the three tracts together,
except as to the small tract which was sold.

Here there are two descriptions, or rather a qualification
of one description : " All those tracts or parcels of land  *  *  *
in the counties of Warren and Halifax of which the late
Samuel Williams was seized and possessed at the time of his
death, bounded," etc.  *  *  *  There would be no trouble
in the description embracing the three tracts, for they are
described as *tracts* (plural), but the words of qualification,
"lying in one body," have given rise to this contention.

When a deed or will once sufficiently identifies a thing by
its known name, or other means, and then superadds, unneces-
sarily, to the description, such further description, though
inaccurate, will not vitiate the previous and perfect descrip-
tion. *Simpson* v. *King*, 1 Ired. Eq., 11.

But it is also a general rule that the deed shall be sup-
ported, if possible, and if by any means different descriptions
can be reconciled, they shall be; or if they be irreconcilable,
yet one of them sufficiently points out the thing so as to
render it certain that it was the one intended, a false or
mistaken reference to another particular shall not overrule
that which is already rendered certain. *Proctor* v. *Pool*, 4
Dev., 470.

Upon any other principle we should be at a loss to deter-
mine which tract of the three was that intended to be
conveyed, for a part of the boundaries will take in either of

the tracts, while all of them, if plaintiff is right in its contention, are necessary to fill the space between the different boundaries. This being the case, there being no necessity for a reformation of the deed, if plaintiff's contention. be correct that all three tracts are comprehended within the boundaries set out in the deed of trust, it will be unnecessary for us to consider the effect upon subsequent judgment creditors of a reformation of the deed and correction of mistakes therein.

While the action would not lie to remove a cloud upon plaintiff's title, the trustee being in possession and having adequate relief at law (*Peacock* v. *Stott*, 104 N. C., 154, and cases there cited), the Act of 1893, ch. 6, entitled, "An act to determine conflicting claims to real property," provides that an action may be brought by any person against another who claims an estate or interest in real property adverse to him for the purpose of determining such adverse claims. The purpose of the present action, which was begun since the passage of the act above referred to, being to determine the conflicting claims of plaintiff and the defendant judgment creditors, there is no reason why the plaintiff is not entitled to the ancillary remedy of injunction pending the action, the irreparable damage being the sale of part of the land under execution, and the consequent effect upon the sale, by the trustee, and prevention of the land selling for its value at said trustee's sale.

Affirmed.