R. M. NIMOCKS v. JOSIAH POPE et al.

*Conditional Judgment—Replevin Bond—Liability of Surety—Compromise by Defendant—Judgment Against Surety.*

1. A judgment, entered by consent, and containing a provision that, if defendant would file within a certain time well secured notes equal in amount to the amount of the judgment, the judgment should be cancelled by the plaintiff, is not a *conditional* judgment (*Strickland* v. *Cox*, 102 N. C., 411, cited and distinguished.)

NIMOCKS *v.* POPE.

2. A surety on a replevin bond, given for the return of property in an action of claim and delivery, by signing such bond makes the defendant principal his agent to compromise plaintiff's claim for damages and upon a compromise being made by such defendant, without the knowledge or consent of the surety, the court is authorized to enter up judgment against the defendant and his surety in accordance with such compromise.

Motion to set aside the judgment, heard before *Norwood, J.*, at May Term, 1895, of CUMBERLAND Superior Court.

The plaintiff sued defendant Pope in a civil action on a money demand to Cumberland Superior Court, November Term, 1891, and at that term filed his complaint, containing paragraphs I, II, III and IV.    Date of Summons 11th July, 1891.

The defendant Pope filed his answer at the same term, controverting the allegations of this complaint, but admitting some indebtedness.

At November Term, 1892, there was a consent Order of Reference to take and state an account between the parties and report to next term, which was done accordingly; and to the report the defendant Pope filed exceptions, at May Term, 1893, which were never passed upon.

On 31st October, 1892, Nimocks commenced Claim and Delivery Proceedings against Pope before the Clerk of Cumberland Superior Court for two mouse-colored mules, the summons being returnable to November Term, 1892, but it was not served until 29th April, 1893. Pope replevied the mules by giving bond, with H. A. Hodges as his surety, in the penal sum of $400, conditioned as the law required. There was no complaint filed in the Claim and Delivery Proceedings, but at November Term, 1893, the plaintiff, by leave of the Court, amended his complaint in the Civil Action by adding thereto paragraphs V, VI and VII, alleging the seizure of the two mules under Claim and Delivery

Proceedings, their replevy by Pope with H. A. Hodges as surety, and their value at $250 ; also his ownership by reason of Pope's mortgage to him ; and praying judgment against defendant Pope and his bondsman, H. A. Hodges.

The answer of defendant Pope, filed at same term, controverted the ownership of the mules, and, setting forth certain irregularities in the Claim and Delivery Proceedings, asked for a dismissal thereof.

At May Term, 1894, the "consent judgment" signed by *Judge Bryan* was agreed to by plaintiff's attorney and by defendant Pope's attornies—H. A. Hodges, who resides in Johnston county, not being represented by counsel and not being present at the Court, and without his knowledge and consent. The judgment is in favor of plaintiff against Pope and Hodges, his surety, for $275 with 8 per cent. interest until paid ; adjudges the title and right of possession in the mules to be in plaintiff; directs their sale by a Commissioner named and the application of the proceeds to the payment of the $275 and costs of this action, and winds up with a condition that the judgment is to be marked satisfied and settled, provided Pope, by the 1st June, 1894, executed two notes of $137.50 each, endorsed by solvent persons and to be entirely satisfactory to said Nimocks.

The two mules were surrendered by Pope to the plaintiff and were advertised and sold by the Commissioner on December 8th, 1894, at public sale, and brought—one $38 and the other $28—netting, less cost of sale, $60.70, which was credited on the judgment.

On 27th March, 1895, the plaintiff sued out execution on the "consent judgment" to the sheriff of Johnston county, where Hodges resides, for the sum of $275 with interest from 7th May, 1894, and costs $22.95, with credit endorsed of $60.70, returnable to May Term, 1895. Under

this execution the homestead of Hodges was laid off and a levy made upon the excess, 161 acres.

Thereupon Hodges, upon his own and supporting affidavits, applied to and obtained from his Honor *Judge Hoke* a restraining order in the case, with order upon plaintiff to show cause why the injunction asked should not be granted and the judgment set aside as to Hodges, returnable before his Honor, *Judge Norwood*, holding May Term, 1895. At May Term, 1895, the motion of Hodges to set aside the judgment as to him and for an injunction was heard by *Judge Norwood* upon affidavits, on both sides, and both motions were refused by his Honor, who rendered the judgment of record, from which ruling and judgment H. A. Hodges appealed to the Supreme Court.

*Messrs. R. P. Buxton* and *MacRae & Day*, for Hodges (appellant).
*Messrs. Robinson & Bidgood*, for appellee.

FURCHES, J.: This was a motion made at May Term, 1895, to set aside a judgment rendered at May Term, 1894, of the Superior Court of CUMBERLAND County. The judgment which the court is asked to set aside was rendered in an action pending in the Superior Court for debt secured by a chattel mortgage, in which proceedings in claim and delivery had been sued out for a part of the property secured by the chattel mortgage, and two mules were seized by the sheriff, which the defendant Pope replevied by entering into bond in the sum of $400 with the defendant Hodges as surety. At May Term, 1894, the plaintiff and defendant Pope entered into a compromise and judgment was entered thereon, signed by counsel for plaintiff and defendant, for the sum of $275. There is no allegation of fraud, but defendant alleges that the judgment is irregular for

the reason it was taken against him when he was not a party of record, and for the reason that it is a conditional judgment, and cites *Strickland* v. *Cox*, 102 N. C., 411, for this position.   But upon examination we find this not to be a conditional but an absolute judgment.   It is true the judgment contains an agreement of counsel that if Pope will file two well secured notes amounting together to the amount of the judgment by a certain time, plaintiff will take them as payment instead of requiring the money, and will mark the judgment satisfied.   But this does not make it a conditional judgment.   Plaintiff only agrees to take other payment in satisfaction, than money, if defendant wished to pay in this way.   But defendant could have satisfied it at any time with the money.   So *Strickland* v. *Cox* does not apply.

The defendant's other ground is equally untenable. Hodges was bound for the return of the property and for the damage sustained by plaintiff on account of the detention and deterioration.   And it must be presumed that these matters were considered in the compromise, and when they speak of interest they considered that the equivalent for detention.   But be that as it may, the defendant Hodges by signing Pope's bond as surety and thereby taking the property out of plaintiff's possession, in law made Pope his agent to compromise plaintiff's claim for damages; and upon Pope's doing so the court was authorized to enter up judgment against Pope and the defendant Hodges upon his bond.   *Council* v. *Averett*, 90 N. C., 168 ; *Robbins* v. *Kille-brew*, 95 N. C., 19 and 24 ; *Harker* v. *Arendell*, 74 N. C., 85 ; *McDonald* v. *McBryde*, at this term.   There is nothing that Hodges could complain of, that the two mules were surrendered up, after this judgment, and after the time had expired in which he might have satisfied the judgment by filing the two notes, and were sold (admitted

fairly) and the proceeds of sale applied in part payment of plaintiff's judgment.

Defendant Hodges has shown no ground for setting aside and vacating the judgment against him. *Stump* v. *Long*, 84 N. C., 616 ; *McDonald* v. *McBryde*, *supra*. The judgment appealed from is affirmed.

. Affirmed.