C. H. McDONALD v. J. M. McBRYDE et al.

*Claim and Delivery—Consent Judgment by Defendant on Replevin Bond — Motion by Sureties to set Aside— Rights of Sureties.*

1. Where the defendant in Claim and Delivery proceedings consents to a judgment against himself and sureties on the replevin bond, the sureties cannot be allowed to intervene as parties and move to have the judgment vacated, they not having offered to interplead and claim the property in the manner prescribed by Section 331 of *The Code.*

2. In such case, the fact that the defendant consented to judgment before the maturity of the debt is no ground for complaint by the sureties, such consent not being necessarily fraudulent.

3. Where a judgment has been entered, by the consent of the defendant, on the replevin bond given by him in Claim and Delivery proceedings, it cannot be set aside for fraud at the instance of the sureties by motion in the cause, but only by a new and direct action for the purpose.

This was an action of claim and delivery, commenced on September 11th, 1894, by the plaintiff against the defendant, McBryde, to recover possession of a certain crop, raised by McBryde on the lands of the defendant, Pope, and theretofore sold by McBryde to plaintiff. In said action an order of seizure was issued, and the sheriff took possession of said crop, and defendant James McBryde replevied the crop and gave as his sureties on his replevin bond Henry Pope and H. A. Hodges; this was the first connection of said Pope and Hodges with said action, and neither were parties plaintiff or defendant until after judgment was rendered. The summons was returnable to the November Term, 1894, of the Superior Court of Harnett County; plaintiff filed a verified complaint within the first three days of the said term of court; the defend-

ant filed no answer; at the November Term of said Court a judgment was agreed upon by plaintiff and defendant, signed by both, and rendered by his Honor *Judge Bynum* in open court, plaintiff and defendant being present. Said judgment was rendered against defendant and his sureties for the recovery of the property, and if recovery could not be had, then for the sum of $225, the value of the property, and costs of the proceeding. After the rendition of said judgment, and about January 10th, 1895, while no cause was pending, the said H. A. Hodges and Henry Pope, theretofore bondsmen of defendant, filed an affidavit before the clerk of the court, alleging that the said crop belonged to one or both of them, and prayed to be made parties and to be allowed to interplead. The clerk, without notice to the other side, gave his consent, and the defendants, Hodges and Pope, gave notice of a motion to vacate said judgment and to set aside, and for an injunction. A restraining order was granted by *Robinson, J.*, returnable before *Starbuck, J.*, at Lillington, and by said order plaintiff was restrained from collecting his judgment. Upon the return day of said order, the plaintiffs and defendants appeared, with their attorneys, before *Starbuck, J.*, and affidavits were filed by both sides.

The defendants, Pope and Hodges, moved to set aside and vacate said judgment—

1. On the ground that the judgment was irregular and void.

2. For excusable neglect on the part of defendants' attorney.

3. For fraud.

The plaintiff resisted the motion, and moved to vacate the restraining order granted by *Robinson, J.*, on the following grounds—

1st. That the judgment was a regular consent judgment,

McDonald *v.* McBryde.

and was not void or voidable, and that, if it were irregular, only the defendant McBryde could attack it.

2d. That the defendants, Pope and Hodges, not having filed an application to interplead before judgment, could not be allowed to do so after judgment, and that, by becoming sureties on defendant's bond, they acknowledged his title and were estopped from asserting the contrary afterwards.

3d. That a judgment could not be attacked for fraud by a motion in the cause, but that it must be done in an action instituted for that purpose.

It further appeared to the court, that defendants had issued a summons in a new action, returnable to February Term, 1895, of Harnett County Superior Court, in which they were plaintiffs and plaintiff herein was defendant. After hearing affidavits and arguments, his Honor held— 1st, that the judgment was regular in form, and the process upon which it was obtained valid, and that there was no reason why the judgment should be disturbed, unless it were fraudulent; and that if it were fraudulent, it must be attacked by an action brought for that purpose, and he suggested that defendants might file their complaint in the action then commenced and obtain a restraining order.

The motions made by defendants were refused, and the restraining order dissolved, and judgment rendered in favor of plaintiff and against defendants and their bond for costs.

From the refusal of the court to vacate said judgment and to grant an injunction, defendants Pope and Hodges appealed.

*Mr. L. J. Best,* for Pope & Hodges (appellants).
*Messrs. Pou & Pou* and *F P. Jones, contra.*

McDonald *v.* McBryde.

AVERY, J. : We concur with the Judge below in the opinion that the bondsmen of the defendant who has consented to a judgment against himself and them, in claim and delivery, for the recovery of certain property, and if recovery thereof could not be had, then for its value, are not entitled to come before the clerk after judgment and procure an order making them parties defendant and ask to have the judgment vacated, and for an injunction.   The bondsmen did not offer to interplead and claim the property in the manner prescribed by law (*Code*, Sec. 331) and the judgment is ncne the less conclusive upon the sureties because taken by consent.   *Council* v. *Averett*, 90 N. C., 168.   It can now be set aside only by civil action and not by a motion in the cause.   *Stump* v. *Long*, 84 N. C., 616.   It is no ground of complaint on the part of the sureties that the defendant consented to judgment, if such was the fact, before the maturity of the debt, such an agreement not being necessarily fraudulent.   Were it admitted that there was collusion or fraud affecting the rights of the sureties, such as would afford proper ground for impeaching the judgment (which we are not to be understood as conceding) their remedy would be by a new action and not by motion in the cause.   *Smith* v. *Fort*, 105 N. C., 446.   No error and the judgment is affirmed.

Affirmed.