SMITH v. PARKER.

(Filed December 9, 1902.)

MORTGAGES—*Foreclosure—Injunction—Principal and Surety—Releases.*

> In an action to restrain the foreclosure of a mortgage given by sureties to secure the debt of the principal, it being alleged that an extension was granted the principal without the consent of the sureties, the sale will be restrained until the final hearing.

ACTION by C. A. Smith and others against Haywood Parker and others, heard by Judge *Frederick Moore,* at Chambers, in Asheville, N. C., on 27th and 28th June, 1902. From a refusal to dissolve a restraining order, the defendants appealed.

*Thos. A. Jones,* for the plaintiffs.
*Merrick & Barnard,* for the defendants.

CLARK, J. This is an appeal from a refusal to dissolve a restraining order, and from granting an injunction to the hearing. It appears in the affidavit of plaintiffs that C. A. Smith, as principal, and A. C. Smith, his wife, and W. D. Justice and Susan P. Justice, his wife, as sureties, executed a bond for $1,500 to the defendant Frances Kohler, and to secure the same, executed a deed in trust to the other defendant, Haywood Parker, upon property belonging to the said sureties, C. A. Smith having no interest in said land except a contingent tenancy by curtesy, and that defendant Kohler's agent, in making the transaction, well knew that A. C. Smith,

W. D. Justice and Susan P. Justice were sureties, that at maturity of the bond the creditor extended the time for payment for four months, in consideration of payment of interest in advance for said period, and this was done without the knowledge or consent of the sureties; that the trustee has advertised the land for sale; that the defendant Frances Kohler is a non-resident of the State, and without sufficient property in this State to respond in damages. There were counter affidavits.

An extension of time without consent of sureties, discharges them, and also any security given for the debt. *Fleming v. Barden,* 127 N. C., 214; 53 L. R. A., 316; *Jenkins v. David,* 125 N. C., 161; 74 Am. St. Rep., 632; *Smith v. B. and L. Asso.,* 119 N. C., 257; *Hinton v. Greenleaf,* 113 N. C., 6. Receipt of interest in advance is *prima facie* evidence of a binding contract of forbearance. *Scott v. Fisher,* 110 N. C., 311; 28 Am. St. Rep., 688; *Hollingsworth v. Tomlinson,* 108 N. C., 245. The affidavits and counter-affidavits raise a serious contention, and the injunction was properly continued to the hearing, when the disputed matters of fact may be determined by a jury. *Railroad v. Railroad,* 125 N. C., 96; *Whitaker v. Hill,* 96 N. C., 2.

*Harrington v. Rawls,* at this term, is conceded by the defendant's counsel to be exactly in point, but they contend that that decision conflicts with *Hutaff v. Adrian,* 112 N. C., 259, which, they suggest, must have been overlooked in deciding *Harrington v. Rawls.* On the contrary, we think the two decisions are in entire accord. In *Hutaff v. Adrian* (decided February Term, 1893), it was said that, taking the allegations of the complaint as true, the defendant's bond and mortgage were barred by the statute of limitations, hence the purchaser at a mortgage sale would get no title, for the mortgage was dead, which is a question of law, and the plaintiff being in possession, no injunction would lie merely to pre-

vent such cloud upon title, though it would lie if there were a dispute as to the amount due, which is an issue for a jury, in order to prevent a sale which would put the mortgagor at a serious disadvantage, since he did not know how much was due.

Soon after that decision, the enactment of chapter 6, Laws 1893, reversed the above doctrine to the extent of allowing parties in possession to restrain a sale of land under an alleged lien pending in an action to have it declared invalid. *Mortgage Co. v. Long,* 113 N. C., 127. Besides, independent of that statute, here there is a disputed issue of fact, whether the mortgage has been released by an extension of time to the principal, and this should be determined by a jury, for this makes a dispute whether anything is due, which, it was said in *Hutaff v. Adrian,* would authorize an injunction to the hearing. *Jones v. Buxton,* 121 N. C., 285. It would be a hardship upon the mortgagor to compel him to rely upon an extraneous fact like a release being established after a sale under a mortgage in an action of ejectment by a purchaser, when, by an injunction to the hearing, the disputed issue of fact can be determined before a sale. Such injunction can not harm the mortgagee, who, if he succeeds, will sell and collect the debt with interest added; whereas, if no injunction is allowed, and the disputed issue of release can only be determined after sale, the mortgagor will be either forced to pay the debt or run the risk of the property being sold at an inadequate price (since no one will buy under such circumstances except a speculator), and thus would lose the value of the land in excess of the mortgage, if, on a trial in ejectment, the jury should find there was no release.

No Error.