## V. WALLACE & SONS v. SUDIE ROBINSON ET AL.

(Filed 26 May, 1923.)

**1. Judgments—Consent—Principal and Surety—Claim and Delivery— Statutes.**

The principle, applying to ordinary contracts, that a surety is released from liability by an extension of time given to his principal does not apply to a surety on a replevin bond given under the provisions of C. S., 836, where the defendant retains possession of the property the subject of claim and delivery by reason of the bond, and under its conditions, and thereafter a judgment by consent of the parties is entered by the court; and where the consent judgment stays execution for sixty days, and in that time the defendant upon whom the judgment places liability has disposed of the same, the surety remains liable to the extent of his principal's obligation.

**2. Same—Principal and Agent.**

The sureties on a replevin bond are considered as parties of record within the limits of their obligation, C. S., 836, and by becoming surety they duly constitute their principal, the defendant in the action, as their agent with power to bind them by their compromise or adjustment of the matter in any manner within the ordinary and reasonable purview of the action, and to have the same evidenced, secured, and enforced by final process in the cause; and he is bound by a judgment entered therein by consent of the parties, though without his knowledge, for the liability therein imposed on his principal to the extent of the undertaking he has signed as such surety.

**3. Claim and Delivery—Principal and Surety—Judgments—Remedies— Proceedings—Appeal and Error—Fraud—Actions—Motions.**

The remedy of a surety on a replevin bond to contest his liability as such under a consent judgment entered by the court against the defendant, his principal, is by appeal from the judgment, or by an independent action in case of fraud, and not by his motion in the case.

APPEAL by J. A. Lentz, surety on replevin bond, from *Finley, J.,* at February Term, 1923, of CATAWBA.

Motion by J. A. Lentz to set aside a judgment as to him heretofore entered against defendants and said J. A. Lentz, surety on defendant's replevin bond, given in an action of claim and delivery between plaintiffs and defendants. There was judgment in denial of the motion, and the surety, J. A. Lentz, appealed.

*W. B. Gaither and Feimster & Feimster for plaintiff.*
*E. B. Cline for appellant.*

HOKE, J.   From a perusal of the record and case on appeal, the perti-
nent facts appear to be as follows:

"The action was originally commenced by L. C. Wallace and J. V.
Wallace, partners, trading as V. Wallace & Sons (against Sudie Robin-
son and C. H. Robinson by summons from the office of the clerk on
27 November, 1919, and at the same time an affidavit was filed in claim
and delivery in which plaintiffs asserted a right of property in and to a
certain stock of general merchandise and store fixtures therein described
by virtue of a chattel mortgage duly of record in Catawba County,
executed by the defendant C. H. Robinson.

"The affidavit further alleges that the property was wrongfully de-
tained by the defendant Sudie Robinson, and was worth about $1,000.

"Plaintiffs gave the usual undertaking, and the clerk issued the writ
to take the property from the defendants.

"Thereupon and on the same day the defendants executed their under-
taking or replevin bond as provided by the statute in the sum of $2,000,
with J. A. Lentz as their surety thereon, and the property was left by
the sheriff in possession of the defendant Sudie Robinson.

"In due course the plaintiffs filed their complaint that the defendant
C. H. Robinson had, in June, 1919, executed his demand note to them
for $700 and secured the same by chattel mortgage upon the merchan-
dise and fixtures hereinbefore mentioned; that he was still due and
owing thereon $421.79, with interest; that plaintiffs were the owners of
the property which was worth about $1,000; that defendant C. H.
Robinson had attempted to convey and transfer it to his codefendant,
Sudie Robinson.

"Plaintiffs prayed judgment for $421.79, interest, costs, and posses-
sion of the property."

Thereupon the defendants filed answers raising issues as to the validity
of the note and mortgage sued on and the amount still due, by C. H.
Robinson to plaintiffs, for goods and merchandise purchased of them.

In this situation the cause was continued at each successive term of
court for nearly three years, and at the September Term, 1922, a judg-
ment signed "by consent" by the attorneys for plaintiffs and defendants
C. H. Robinson and Sudie Robinson and by C. H. Robinson himself, and
by Judge Webb was entered and filed which will be found in the record
proper in this case.

"This judgment agreed that the plaintiffs were the owners of the stock
of goods and fixtures, and entitled to their possession; that the value
thereof at the time of the detention was $1,000; that the defendants were

indebted to plaintiffs in the sum of $313.60, and decreed that plaintiffs recover the stock of goods and merchandise, or in case possession thereof could not be had, that they recover of the defendants and J. A. Lentz, surety on the defendant's undertaking, the sum of $1,000, the value of the stock of goods, to be discharged upon the payment by the defendants and the surety of $316.60, interest, and cost.

"The judgments concluded in these words: 'Execution not to issue within sixty days from the first day of this term of court.'"

That the personal property in question was disposed of by defendant to third persons during the sixty days delay, and without such property defendants are insolvent; and further, that the compromise judgment and the delay of execution provided for therein were without the knowledge or consent of appellant, and without actual notice to him of any such proceedings. And upon these facts the Court is of opinion that the motion has been properly denied, and his Honor's ruling to that effect should be affirmed. True, it has been frequently held with us that a consent judgment in many respects is considered as a contract between the parties, put upon the record with the sanction and approval of the court. *Holloway v. Durham,* 176 N. C., 550; *Bank v. McEwen,* 160 N. C., 414; *Bunn v. Braswell,* 139 N. C., 139. And it is also fully recognized, as shown in the learned brief of appellant's counsel, that in case of an ordinary contract *inter partes,* where an obligee, without the knowledge or assent of a surety, has entered into a binding or enforceable agreement to grant to the principal an extension of time or other substantial indulgence to the surety's prejudice, the latter will be thereby released or discharged from the obligation. *Foster v. Davis,* 175 N. C., 541; *Revell v. Thrash,* 132 N. C., 803; *Smith v. Parker,* 131 N. C., 470.

But while this position very generally prevails, universally, so far as examined, in ordinary contracts between individuals, in the instant case, that of a replevin bond given in a pending suit pursuant to statutory provision for the forthcoming of the property if the same can be had, and if not, for the payment to plaintiff of such sum as may be recovered against defendant for the value of the property, etc., C. S., 836, the authorities on the subject in this jurisdiction are to the effect that the sureties to such a bond within the limits of the obligation are to be considered parties of record, and that their principal, the defendant in the case, is their duly constituted agent having power to bind them by compromise or adjustment of the matter, in any manner within the ordinary and reasonable purview and limitations of the action, and to have the same evidenced, secured, and enforced by judgment and final process in the cause. *Nimocks v. Pope,* 117 N. C., 315; *McDonald v. McBryde,* 117 N. C., 125; *Robbins v. Killebrew,* 95 N. C., 24; *Council v. Averett,* 90 N. C., 168; *Hurker v. Arendell,* 74 N. C., 85. As apposite

to the question presented in affirming a judgment on the replevin bond entered by consent of plaintiff and the principal defendant, it was held in the *Nimocks case, supra:* "A surety on a replevin bond, given for the return of property in an action of claim and delivery, by signing such bond makes the defendant principal his agent to compromise plaintiff's claim for damages, and upon a compromise being made by such defendant, without the knowledge or consent of the surety, the court is authorized to enter up judgment against the defendant and his surety in accordance with such compromise."

In *Council v. Averett, supra, Chief Justice Smith,* in speaking on the subject, said: "Now, the parties dispense, by agreement, with the judgment of restitution, and consent to a judgment for the value of the goods in money, the other branch of the alternative stipulation. The contract of the sureties, conforming to the directions of the statute, is that the plaintiff shall prosecute his action, 'return the property to the defendant, if such return be adjudged, and pay to him such sum as may for any cause be recovered against the plaintiff in this action.' The stipulation is twofold, and is explicit to pay whatever sum for any cause may be adjudged, and the plaintiff assents to the recovery of what is accepted as the value of the goods. The plaintiff prosecutes his own action, and the sureties assume responsibility for whatever may be legitimately and bona fide adjudged against their principal, who alone is the manager of his action, and by whose conduct of it they must abide. His right to compromise in preference to hazarding the results of an inquiry into the value of the goods before a jury cannot be questioned, nor is a judgment thus rendered any less binding on the sureties. This the sureties agree to pay, and the summary judgment against them, also, was entirely correct and proper."

There is nothing unusual in the compromise or adjustment of an ordinary suit to stipulate or provide as a part of the agreement that execution on the judgment be stayed for a reasonable length of time, and there is nothing in the present case that offends against the position relieving sureties by reason of the unwarranted indulgence of their principal, for, according to the tenor and effect of these statutory replevin bonds as construed in the decisions cited, the sureties are held to have authorized their principal to act for them in the matter, and to give their assent to the compromise complained of.

In thus dealing with the questions chiefly presented, we must not be understood as conceding that even if this entry had been made without authority the question could be properly raised by motion in the cause. The exceptions here urged would seem to point to an erroneous judgment which may only be challenged by appeal or by an independent action for fraud.

In the case of *McDonald v. McBryde, supra,* it was held: "Where the defendant, in claim and delivery proceedings, consents to a judgment against himself and sureties on the replevin bond, the sureties cannot be allowed to intervene as parties and move to have the judgment vacated, they not having offered to interplead and claim the property in the manner prescribed by section 331 of The Code.

"In such case, the fact that the defendant consented to judgment before the maturity of the debt is no ground for complaint by the sureties, such consent not being necessarily fraudulent.

"Where a judgment has been entered, by the consent of the defendant, on the replevin bond given by him in claim and delivery proceedings, it cannot be set aside for fraud at the instance of the sureties by motion in the cause, but only by a new and direct action for the purpose."

And the principle as stated is held to apply to judgments by consent as well as to adversary judgments, in *Council v. Averett,* 90 N. C., *supra,* and *Stump v. Long,* 84 N. C., 616.

Without finally determining the matter as applied to the facts of the present record, we prefer to deal directly with the question and hold that the judgment complained of is according to the course and practice of the court, and full authority to consent to same was conferred upon the principal when the sureties signed the replevin bond as shown in the record. The judgment of his Honor in denial of appellant's motion is therefore

Affirmed.