PEARL LONG v. T. K. MEARES.

(Filed 24 October, 1928.)

**Replevin—Liabilities on Bonds and Undertakings—Liability of Surety—Claim and Delivery.**

Where a replevy bond is given in claim and delivery, and in the procedure in the Superior Court the defendant is required by the judge to give an additional bond, without reference to the first, after the defendant has disposed of the goods replevined by him, the surety on the replevy bond is not discharged by the giving of the second bond with another surety, both bonds being cumulative.

CIVIL ACTION, before *Sinclair, J.,* at April Term, 1928, of BRUNSWICK.

The plaintiff instituted an action before a justice of the peace against the defendant, T. K. Meares, for possession of a certain quantity of tobacco. The tobacco was seized, and thereupon the defendant, O. Meares, signed a replevin bond in the sum of $300 as surety for the defendant, T. K. Meares, who took the tobacco and sold it. The justice of the peace before whom the action was instituted gave judgment for the plaintiff, and the defendant, T. K. Meares, appealed to the Superior

Court. In the Superior Court a consent judgment was signed by W. M. Bond, judge presiding. Thereafter T. K. Meares made a motion to set said judgment aside upon the ground that the attorney had no authority to consent to the judgment of the Superior Court. Thereafter, by consent, W. A. Devin, judge presiding, set aside the former consent judgment rendered by Judge Bond and ordered the cause set for trial at the next term of court. It was further ordered that the defendant, T. K. Meares, "execute a good and sufficient bond with surety to be approved by the clerk of the Superior Court of Brunswick County in the sum of $225.00," etc. One W. A. Long signed the said bond for $225.00 as surety for T. K. Meares. Thereafter at the January Term, 1928, upon the verdict of the jury, judgment was rendered against the defendant, T. K. Meares, "and his sureties" in the sum of $102.19, together with costs. The plaintiff upon due notice lodged a motion that execution issue against the defendant, T. K. Meares, and his sureties on both bonds. The trial judge found as a fact "that the bond given by said T. K. Meares to W. A. Long as surety was an additional bond to secure and pay any sum or sums recovered by plaintiff over and above the amount awarded by her before H. A. Mintz, justice of the peace." Thereupon the trial judge ordered execution to issue against T. K. Meares and his surety, O. Meares, on the $300 bond, and also against T. K. Meares and his surety, W. A. Long, on the $225 bond. .

From such judgment the defendant O. Meares, surety, appealed.

*Robt. W. Davis for plaintiff.*
*Pace & Holmes for defendant, O. Meares.*

BROGDEN, J. Did the second bond for $225 supersede the original bond of $300, or are said bonds cumulative?

The defendant contends that, when the new bond for $225 was executed by a different surety, he was thereby relieved of liability on the original $300 replevin bond. The judgment requiring the giving of the new bond of $225 made no reference to the original replevin bond of $300 which the defendant, O. Meares, signed as surety. The determinative principle of law is thus stated in the headnote of *Nimocks v. Pope,* 117 N. C., 315, 23 S. E., 269: "A surety on a replevin bond, given for the return of property in an action of claim and delivery, by signing such bond makes the defendant principal his agent to compromise plaintiff's claim for damages and upon a compromise being made by such defendant, without the knowledge or consent of the surety, the court is authorized to enter up judgment against the defendant and his surety in accordance with such compromise." While, of course, it is fully recognized in this jurisdiction that extension of time granted to the

principal or other acts which may result in substantial prejudice to the surety will discharge such surety; nevertheless, this principle does not apply to a replevin bond given in a pending suit in conformity with the provisions of the statute. The reason is that, in such cases, sureties on such bonds within the limits of their obligation are considered parties of record, and the defendant, their principal, becomes their duly constituted agent to bind them by compromise or adjustment or in any other manner within the ordinary and reasonable purview and limitation of the action. *McDonald v. McBryde,* 117 N. C., 125, 23 S. E., 103; *Wallace v. Robinson,* 185 N. C., 530, 117 S. E., 508; *Trust Co. v. Hayes,* 191 N. C., 542, 132 S. E., 466.

As we interpret the present record and the law applicable thereto, we are of the opinion that the judgment of the trial judge was correct.

Affirmed.