LUKE WRIGHT, By His Next Friend, S. G. WRIGHT, v. SAM NASH.

(Filed 11 October, 1933.)

**Replevin G a—Where replevin bond covers costs in court inferior to Superior Court plaintiff successful in suit may recover such cost.**

> While a replevin bond executed by a defendant in claim and delivery is not required by statute to cover the costs of the action in any court inferior to the Superior Court if the issue should be finally determined in plaintiff's favor, C. S., 836, where the bond is written to cover such costs, and there is no allegation of fraud or mistake entitling the principal or surety on the bond to equitable relief, the plaintiff in .the claim and delivery action may enforce the payment of the costs incurred in the recorder's court against the principal and surety on the bond upon a final determination of the case in plaintiff's favor upon appeal.

CLARKSON, J., dissenting.

APPEAL by the surety on the replevin bond filed by the defendant in the above entitled action, from *Small, J.,* at March Term, 1933, of CAMDEN. Affirmed.

This action was begun in the Recorder's Court of Camden County on 15 December, 1930, to recover possession of personal property upon the allegation that plaintiff is the owner and entitled to the possession of said property.

The property described in the affidavit filed by the plaintiff was taken from the possession of the defendant by the sheriff of Camden County under a writ of claim and delivery issued in the action at the date of its commencement. On 22 December, 1930, the defendant filed a replevin bond as authorized by statute, which was executed by J. R. Spencer as surety. The personal property was thereupon delivered by the sheriff to the defendant, who retained possession of the same pending the action.

The bond executed by J. R. Spencer as surety and filed by the defendant in the Recorder's Court of Camden County was conditioned, among

other things, that if it should be adjudged by the court in the action that plaintiff was the owner and entitled to the possession of the personal property described therein, and said property should be delivered by the defendant to the plaintiff, the defendant would pay to the plaintiff damages for its detention, and the costs of the action.

At the trial in the Recorder's Court, it was adjudged by the court that plaintiff was the owner and entitled to the possession of the personal property which is the subject-matter of the action, and that plaintiff have and recover of the defendant the possession of said property, and of the defendant and the surety on his replevin bond damages for its detention, and the costs of the action. The defendant paid the costs of the action incurred in the Recorder's Court, and appealed from the judgment of said court to the Superior Court of Camden County.

At the trial of the action in the Superior Court, the issues submitted to the jury were answered in accordance with the contentions of the plaintiff. It was adjudged by the court that plaintiff was the owner and entitled to the possession of the personal property described in the complaint, and that plaintiff have and recover of the defendant the possession of said property and of the defendant and the surety on his replevin bond damages for its detention, and the costs of the action. Neither the defendant nor the surety on his replevin bond excepted to or appealed from said judgment. The costs of the action as taxed by the clerk of the Superior Court was $76.65.

On 30 November, 1931, on motion of the plaintiff, an execution was issued on the judgment against the defendant for the costs of the action. This execution was returned by the sheriff of Camden County unsatisfied.

Thereafter, on motion of the plaintiff an execution was issued on the judgment against J. R. Spencer, surety on the replevin bond filed by the defendant in the Recorder's Court. The said surety moved before the clerk of the Superior Court that said execution be recalled and vacated on the ground that the judgment against him is void. The motion was denied by the clerk, and the surety appealed to the judge of the Superior Court of Camden County.

From the order of the judge, affirming the order of the clerk denying his motion, the surety appealed to the Supreme Court.

*LeRoy & Meekins for plaintiff.*
*W. I. Halstead and R. Clarence Dozier for the surety.*

CONNOR, J. The replevin bond executed by J. R. Spencer as surety was filed by the defendant in the Recorder's Court of Camden County, in which court this action was instituted. For that reason, it was not re-

quired by statute that the bond should be conditioned for the payment by the defendant of the costs of the action, in the event that it should be adjudged that plaintiff was the owner and entitled to the possession of the personal property which is the subject-matter of the action. C. S., 836. The statute requires that the defendant's undertaking or bond for the replevy of personal property taken from him under a writ of claim and delivery issued in an action for the recovery of the possession of personal property, shall be conditioned for the payment of the costs of the action by the defendant, if it shall be adjudged therein that plaintiff is the owner and entitled to the possession of the property, only where the action was instituted in the Superior Court. Where the action was instituted in the court of a justice of the peace, or in a court inferior to the Superior Court, the defendant is not required by statute to give bond for the payment by him of the costs of the action, if a judgment adverse to him is rendered in the action. However, when, as in the instant case, the bond filed by the defendant in an action instituted in a court other than the Superior Court, is so conditioned, the bond is not for that reason void and unenforceable against either the defendant or his surety. In the absence of fraud, mistake, or other matters entitling them or either of them to equitable relief, both the defendant and his surety are bound according to the terms of the bond, which they executed voluntarily. 9 C. J., 24.

The judgment in this action that plaintiff recover of the defendant and of J. R. Spencer, the surety on his replevin bond, the costs of the action, was not void. *Trust Co. v. Hayes,* 191 N. C., 542, 132 S. E., 466. For that reason, there was no error in the refusal of the clerk to allow the motion of the surety that the execution on the judgment against him be recalled and vacated. *Wallace & Sons v. Robinson,* 185 N. C., 530, 117 S. E., 508. The order of the judge must be and is

Affirmed.

CLARKSON, J., dissenting: There was no controversy as to the facts of this case. A replevin bond, executed by J. H. Spencer as surety and filed in the Recorder's Court of Camden County, included a condition for the payment by the defendant of the costs of the action, in the event that it should be adjudged that the plaintiff was the owner and entitled to the possession of the personal property, which is the subject-matter of this action. However, the statute (C. S., 836) under which the action was brought in the Recorder's Court specifically provides that "the defendant's undertaking shall include liability for costs . . . only where the undertaking is given in actions instituted in the Superior Court." Does the fact that a replevin bond including liability for costs filed in the Recorder's Court make it a valid bond for costs when the case was heard on appeal in Superior Court? I think not.

The statute under which this action was brought, C. S., 836, reads as follows: "At any time before the delivery of the property to the plaintiff, the defendant may, if he does not except to the sureties of the plaintiff, require the return thereof, upon giving to the sheriff a written undertaking, payable to the plaintiff, executed by one or more sufficient sureties, to the effect that they are bound in double the value of the property, as stated in the affidavit of the plaintiff, for the delivery thereof to the plaintiff, with damages for its deterioration and detention, and the costs, if delivery can be had, and if delivery cannot be had, for the payment to him of such sum as may be recovered against the defendant for the value of the property at the time of the wrongful taking or detention, with interest thereon as damages for such taking and detention, together with the costs of the action. If a return of the property is not so required, within three days after the taking and service of notice to the defendant, it must be delivered to the plaintiff, unless it is claimed by an interpleader.

"*The defendant's undertaking shall include liability for costs, as provided in this section, only where the undertaking is given in actions instituted in the Superior Court.*"

The principle is laid down as follows: "Sureties will not be bound in excess of the statutory demand, and when the penalty named is greater than that stipulated in the statute the bond will be held only for the statutory requirement." Stearns' Law of Suretyship (3d ed.), 23. It is the rule in North Carolina that the provisions of a statute are presumed to have been written into a bond in suit, and any stipulation incorporated therein at variance with the terms of the statute is void, *Horne-Wilson, Inc., v. Surety Co.,* 202 N. C., 73; *Brick Co. v. Gentry,* 191 N. C., 636; *Electric Co. v. Deposit Co.,* 191 N. C., 653. See *Mfg. Co. v. Blaylock,* 192 N. C., 407; *Supply Co. v. Plumbing Co.,* 195 N. C., 629.

The defendant paid the costs in the action in the Recorder's Court, for which the surety had inadvertently bound himself in the undertaking, and the question as to the validity of the bond of the surety in that court is not now before us. In view of the statute and in the light of our decisions, the bond given in the Recorder's Court must be construed as having been void as to the inclusion of liability for costs, even in that court and certainly if void in its inception, it cannot subsequently in an action on appeal be held to be valid. The surety was not a party to the action on appeal, having received no notice of same, and the bond for costs cannot be said to have been continued in force for that reason.

I think the judgment as to the costs in the Superior Court should be modified.