CLARKSON, J., dissenting.
This action was begun in the Recorder's Court of Camden County on 15 December, 1930, to recover possession of personal property upon the allegation that plaintiff is the owner and entitled to the possession of said property.
The property described in the affidavit filed by the plaintiff was taken from the possession of the defendant by the sheriff of Camden County under a writ of claim and delivery issued in the action at the date of its commencement. On 22 December, 1930, the defendant filed a replevin bond as authorized by statute, which was executed by J. R. Spencer as surety. The personal property was thereupon delivered by the sheriff to the defendant, who retained possession of the same pending the action.
The bond executed by J. R. Spencer as surety and filed by the defendant in the Recorder's Court of Camden County was conditioned, among *Page 222 
other things, that if it should be adjudged by the court in the action that plaintiff was the owner and entitled to the possession of the personal property described therein, and said property should be delivered by the defendant to the plaintiff, the defendant would pay to the plaintiff damages for its detention, and the costs of the action.
At the trial in the Recorder's Court, it was adjudged by the court that plaintiff was the owner and entitled to the possession of the personal property which is the subject-matter of the action, and that plaintiff have and recover of the defendant the possession of said property, and of the defendant and the surety on his replevin bond damages for its detention, and the costs of the action. The defendant paid the costs of the action incurred in the Recorder's Court, and appealed from the judgment of said court to the Superior Court of Camden County.
At the trial of the action in the Superior Court, the issues submitted to the jury were answered in accordance with the contentions of the plaintiff. It was adjudged by the court that plaintiff was the owner and entitled to the possession of the personal property described in the complaint, and that plaintiff have and recover of the defendant the possession of said property and of the defendant and the surety on his replevin bond damages for its detention, and the costs of the action. Neither the defendant nor the surety on his replevin bond excepted to or appealed from said judgment. The costs of the action as taxed by the clerk of the Superior Court was $76.65.
On 30 November, 1931, on motion of the plaintiff, an execution was issued on the judgment against the defendant for the costs of the action. This execution was returned by the sheriff of Camden County unsatisfied.
Thereafter, on motion of the plaintiff an execution was issued on the judgment against J. R. Spencer, surety on the replevin bond filed by the defendant in the Recorder's Court. The said surety moved before the clerk of the Superior Court that said execution be recalled and vacated on the ground that the judgment against him is void. The motion was denied by the clerk, and the surety appealed to the judge of the Superior Court of Camden County.
From the order of the judge, affirming the order of the clerk denying his motion, the surety appealed to the Supreme Court.
The replevin bond executed by J. R. Spencer as surety was filed by the defendant in the Recorder's Court of Camden County, in which court this action was instituted. For that reason, it was not required *Page 223 
by statute that the bond should be conditioned for the payment by the defendant of the costs of the action, in the event that it should be adjudged that plaintiff was the owner and entitled to the possession of the personal property which is the subject-matter of the action. C. S., 836. The statute requires that the defendant's undertaking or bond for the replevy of personal property taken from him under a writ of claim and delivery issued in an action for the recovery of the possession of personal property, shall be conditioned for the payment of the costs of the action by the defendant, if it shall be adjudged therein that plaintiff is the owner and entitled to the possession of the property, only where the action was instituted in the Superior Court. Where the action was instituted in the court of a justice of the peace, or in a court inferior to the Superior Court, the defendant is not required by statute to give bond for the payment by him of the costs of the action, if a judgment adverse to him is rendered in the action. However, when, as in the instant case, the bond filed by the defendant in an action instituted in a court other than the Superior Court, is so conditioned, the bond is not for that reason void and unenforceable against either the defendant or his surety. In the absence of fraud, mistake, or other matters entitling them or either of them to equitable relief, both the defendant and his surety are bound according to the terms of the bond, which they executed voluntarily. 9 C. J., 24.
The judgment in this action that plaintiff recover of the defendant and of J. R. Spencer, the surety on his replevin bond, the costs of the action, was not void. Trust Co. v. Hayes, 191 N.C. 542, 132 S.E. 466. For that reason, there was no error in the refusal of the clerk to allow the motion of the surety that the execution on the judgment against him be recalled and vacated. Wallace Sons v. Robinson, 185 N.C. 530, 117 S.E. 508. The order of the judge must be and is
Affirmed.