SPEIGHT BOX & PANEL COMPANY, A CORPORATION, v. C. F. IPOCK AND E. R. IPOCK.

(Filed 10 April, 1940.)

**1. Claim and Delivery § 16—**

A surety on a replevin bond, within the limits of his obligation, is a party to the action and, if the bond is properly executed by him, is bound by the judgment against the principal and may not deny liability on the merits of the original controversy and therefore, except in case of fraud, the proper procedure to challenge his liability on the ground that he did not in fact sign the bond is by motion in the cause.

**2. Same—Held: It was error for the trial court to sign final judgment against surety prior to determination of surety's motion in the cause.**

During the hearing on the referee's report in an action in claim and delivery, the surety on defendant's replevin bond made motion that his name be stricken therefrom upon his contention that he did not in fact sign same. The issue was submitted to the jury, which found that the surety did not in fact sign the bond. The court set aside the verdict and, upon the conclusion of the hearing, rendered judgment against the defendant and the surety. *Held:* While the court had the power to set aside the verdict, the surety's motion was still pending, and although a surety is not ordinarily prejudiced prior to the rendition of judgment, it was error for the court to sign final judgment prior to the determination of his motion.

**3. Appeal and Error § 2—**

The appeal of the surety on a replevin bond from final judgment entered against him and his principal prior to the determination of the surety's motion that his name be stricken from the bond on the ground that in fact he did not sign same, *is held* not premature, since the final judgment would preclude the surety from thereafter litigating the question.

MOTION in the cause by C. D. Heath, alleged surety on replevin bond of defendants, before *Hamilton, Special Judge,* at October Term, 1939, of CRAVEN. New trial.

Plaintiff instituted the action to recover possession of certain personal property conveyed by mortgage to the plaintiff. A writ of claim and delivery was issued and the defendants filed a replevin bond. The name of C. D. Heath appears thereon as surety.

The cause was referred and upon the report of the referee at the October Term, 1939, the judge proceeded to hear the exceptions to the referee's report. During the hearing, Heath, having been advised that .his name appeared upon the replevin bond as a surety for the defendant, filed a motion that his name be stricken from the defendant's undertaking, which motion was supported by an affidavit that he never signed or authorized the signing of said bond.

The said Heath, by consent, was permitted to file the motion in the cause pending the hearing and the court suspended proceedings upon the referee's report to submit to a jury the issue raised by the motion. After hearing the evidence and the charge of the court the jury answered the issue submitted finding that Heath did not sign the bond.

After the rendition of the verdict, the court, in the exercise of its discretion, set the verdict aside and, upon the completion of the hearing upon the referee's report, rendered judgment against the defendants and the said Heath. Heath excepted and appealed.

*R. E. Whitehurst for plaintiff, appellee.*
*W. B. R. Guion for C. D. Heath, appellant.*

BARNHILL, J. The plaintiff is entitled to a judgment against the sureties on the defendant's undertaking according to the terms of the instrument, to be recovered in the original action. The sureties, within the limits of their obligation, are considered parties of record, and the defendants their principals. *McDonald v. McBryde,* 117 N. C., 125, 23 S. E., 103; *Wallace v. Robinson,* 185 N. C., 530, 117 S. E., 508; *Trust Co. v. Hayes,* 191 N. C., 542, 132 S. E., 466; *Long v. Meares,* 196 N. C., 211, 145 S. E., 7. It is upon this theory that judgment against the sureties is rendered in the original action to the end that the whole controversy may be adjusted at once.

Ordinarily, the sureties are not prejudiced until judgment is rendered. Except in case of fraud, *Wallace v. Robinson, supra,* a surety upon a replevin bond may challenge his liability for that he did not in fact sign the bond, or for other cause, by motion in the original action. *Long v. Meares, supra; Nimocks v. Pope,* 117 N. C., 315. But if he signed the bond he may not deny liability on the merits of the original contro-

versy. He is bound even by a judgment consented to by defendants. *Nimocks v. Pope, supra; Wallace v. Robinson, supra; Long v. Meares, supra.*

The movant was permitted to appear in the original action and to file a motion to strike his name from the replevin bond for the reason he never signed or authorized the signing of the same prior to judgment. The issue raised by the motion was submitted to a jury upon the evidence offered and was answered in his favor. The court, as it had a right to do, set the verdict aside. But in so doing it did not order a new trial on the issue. Instead, it proceeded to judgment not only against the principals but against the appellant as well. This was done notwithstanding the fact that the issue raised by the motion was still pending and undetermined.

The movant is liable upon the judgment rendered only in the event that he signed the replevin bond or authorized someone else so to do in his name, place and stead. He has raised, by proper procedure, an issue as to his liability upon the judgment rendered. The court was without authority to hear and determine the facts in respect thereto. Even if it be conceded that the motion was prematurely made judgment has now been entered and the court adjudged his liability while his motion was pending. A substantial right is thereby affected and if the judgment is affirmed as against him, upon the present record, he may be precluded hereafter from litigating the question presented.

The appellant is entitled to his day in court and upon the issue raised he is entitled to a trial by jury. If it shall be determined that he in fact signed the bond, then the plaintiff is entitled to judgment against him as against the principals. Under the circumstances presented on this record we are of the opinion that his appeal from the judgment to which he duly excepted is not premature.

As to C. D. Heath, on the question of his suretyship upon the bond, there must be a

New trial.