SUSAN SLAUGHTER v. JOHN WINFREY.

*Landlord and Tenant—Costs—Personal Property Exemption.*

Under the act of 1876–'77, ch. 283, the landlord's lien extends to and includes the costs of such legal proceedings as are necessary to recover his rents; and as all the crops are his until such lien is duly discharged, the tenant has no property therein which he can claim as his constitutional exemption, as against such costs.

(*Durham* v. *Speeke*, 82 N. C., 87, cited and approved.)

CIVIL ACTION tried, on appeal from a justice's court, at Fall Term, 1881, of WAKE Superior Court, before *Gilmer, J.*

The action is to recover rent due the plaintiff. Verdict in favor of the plaintiff for $68.25, and judgment for the amount was rendered, with interest *and costs of action,* and the defendant appealed.

*Messrs. Battle & Mordecai,* for plaintiff.
*Messrs. Geo. H. Snow* and *Argo & Wilder,* for defendant.

· · SMITH, C. J.   The only objection taken to the judgment in the court below and pressed in the argument before us is to so much of it as directs the payment of the costs incurred by the plaintiff in prosecuting her claim for rent out of the fund derived from the sale of the crop raised upon the rented land.   It is insisted that the crop under the amend- atory act of March, 1877 (acts 1876-'77, ch. 283,) is liable only for the rent, and that the right to the residue as a part of the exemption allowed the debtor is paramount to the claim for reimbursement of the plaintiff's costs.

We think there is no error in the ruling in this regard.

It is provided in section five when an order issues to the officer it shall direct him " to take into his possession all of said property (the crop) or so much thereof as shall be nec- essary to satisfy the claimant's demand *and costs,* and to sell the same under the rules and regulations prescribed by law for the sale of personal property under execution, and to hold the proceeds thereof *subject to the decision of the court* upon the issue or issues pending between the parties."   As the act requires the seizure of a sufficient part of the crop to meet the plaintiff's demand and *costs* as well, it is obvious that both must be satisfied out of the proceeds of sale when so adjudged by the court.   If it were otherwise the rent would be practically reduced by the costs incurred in ob- taining it, and to this extent the ample security intended by the statute be impaired by the use of the necessary means of making it available to the landlord and its main purpose defeated.   The first section vests the legal title to the crop in the lessor in the nature of a statutory mortgage to secure his rent and the fulfilment of other stipulations in the con- tract, or damages when they are broken, and also any ad- vances he may make in cultivating and securing the crop.

The contract between the parties is regulated and con- trolled by this enactment, and if the lien has to be enforced by legal proceedings, it extends to and includes the costs

necessary therein. This lien, declared to be preferable to all others, adheres to the property as soon as it comes into existence, and subordinate thereto only is there any property in the defendant to be exempted.

It is manifest then that the exemption operates only upon the residue of the crop, or where sold the money received as a substitute, and can only be asserted against non-attaching liabilities.

In the language of Mr. Justice DILLARD announcing the conclusion to which this court came in the case of *Durham* v. *Speeke*, 82 N. C., 87, " The defendant's right of exemption did not include so much of the crop as was required to pay the rent," to which we will add, nor the costs rendered necessary in the enforcement of the rent.

There is no error, and the judgment must be affirmed, and it is so ordered.

No error.                                                    Affirmed.