R. M. NIMOCKS et al. v. THE CAPE FEAR SHINGLE COMPANY.

*Injunction—Receiver.*

> When the facts upon which an injunction was granted until the hearing and a receiver was appointed by the Judge below are controverted and doubtful the Supreme Court will not interfere with the orders, especially when it appears that no serious injury to any of the parties can arise therefrom.

MOTION for injunction and receiver, heard before *Whitaker, J*, at August Term, 1891, of HARNETT Superior Court.

The plaintiffs allege, in substance and effect, that the defendant corporation is indebted to them respectively in large sums of money; that it is largely insolvent; that being so insolvent, it has confessed divers judgments, without action, in favor of its officers and stockholders, founded upon fictitious debts, the purpose being to defraud the plaintiffs and others, its creditors, and defeat the payment of their debts; that to that end they seek to sell the property of the defendant corporation under executions issued upon such fraudulent judgments and put the same beyond their reach, etc. The defendants admit the insolvency of the defendant corporation; that the latter has confessed judgments in favor of some of its officers and stockholders who are defendants, and that they are proceeding to sell the said corporation's property to pay these judgments; they deny the alleged fraud, and allege their good faith, etc.

The Court heard the motion of the plaintiffs for an injunction and a receiver pending the action, upon divers affidavits produced by the plaintiffs and defendants, and, finding the facts, allowed the motion.

The defendants excepted, and appealed.

*Mr. F. H. Busbee*, for plaintiffs.
*Messrs. J. W. Hinsdale* and *W. E. Murchison*, for defendant.

MERRIMON, C. J.—after stating the case : There was clearly evidence to warrant the findings of fact by the Court below, and, upon an examination of the evidence, we see no reason to disturb such findings, or to reverse or modify the order based upon them granting an injunction and appointing a receiver pending the action.   It is admitted that the defendant corporation is hopelessly insolvent, and that shortly before this action began, it confessed divers judgments, without action, in favor of some of its officers and stockholders, and that the latter were proceeding to enforce the same by sale under execution.   The plaintiffs allege that their judgments were founded upon fictitious debts; that they are void ; and the purpose of them was to defeat the plaintiffs' rights as creditors by sacrificing the property of the corporation at a forced sale.   The defendants deny the fraud, and allege the justice of their demands.   The evidence leaves material questions at issue not at all free from doubt.   In such case this Court will not interfere with the order granting an injunction and appointing a receiver, especially when it appears, as it does in this case, that the parties interested can suffer no serious injury arising therefrom.   *Machine Co.* v. *Lumber Co.*, 109 N. C., 576.

Affirmed.