HENDLEY v. McINTYRE.

(Filed March 31, 1903.)

BONDS—*Claim and Delivery—Sureties—Penalties—Replevin.*

A surety on a claim and delivery bond is not entitled to have the penalty of the bond reduced because the property had been returned, but he still remains liable for the amount of the penalty for any other default of his principal in the payment of costs and damages.

ACTION by A. E. Hendley against J. P. McIntyre, heard by Judge *W. S. O'B. Robinson* and a jury, at October Term, 1902, of the Superior Court of ANSON County. From a judgment for the plaintiff, McSwain, surety, appealed.

*James A. Lockhart,* for the plaintiff.
*Bennett & Bennett,* for the surety, M. E. McSwain.

WALKER, J. This action was brought for the recovery of a mule. The plaintiff caused to be instituted, as ancillary to the action, proceedings in claim and delivery. The defendant gave a bond to return the property in the sum of $200 with the appellant, M. E. McSwain, as surety, conditioned as required by law. The plaintiff alleged that the defendant procured the mule by false and fradulent representations made in order to induce him to exchange the mule for a horse. Issues were submitted to the jury and a verdict was returned in favor of the plaintiff, by which it was found

substantially that the plaintiff was entitled to recover the possession of the mule and damages for detention to the amount of $10, and the value of the mule was fixed at $100. The court rendered judgment that the plaintiff recover the mule and $10 as damages and his costs, and in case the mule could not be delivered that the plaintiff recover, in lieu thereof, $100, the value of the mule as assessed by the jury. The court further adjudged that the plaintiff recover of the surety, McSwain, the sum of $200, the penalty of the bond, to be discharged upon the payment of the damages and costs recovered by the plaintiff, the total recovery not to exceed the penalty of the bond. The mule was returned to the plaintiff. The surety excepted to and appealed from the judgment upon the ground that, as the mule had been returned, he was entitled to a credit of $100, the value of the mule on the bond, leaving only $100 for the satisfaction of the plaintiff's recovery for damages and costs.

Why, in view of the facts of the case, the appellant is entitled to the credit upon the bond which he claims, we cannot see. The several clauses in the condition of the bond are separate and independent, according to all the authorities, and the obligee may recover full damages for each and every item within the limit of the penalty. The recovery of the thing itself, and not damages in lieu thereof, is the primary object of the suit, and the value is given only as an alternative, when delivery of the specific property can not be had.

The delivery of the property is secured by the obligation of the surety to pay its value, if it is not delivered, and he can not claim any credit, or more properly speaking any reduction or abatement of the penalty, until he has been called upon to pay something and has actually done so. Any other construction of the bond, it seems to us, would present the anomaly of a surety claiming and being allowed a credit for something he has never paid. His contract is strictly one of

indemnity, and, until he has suffered a loss or been damnified, he is not entitled to be reimbursed by any payment from his principal or indirectly by a reduction of the penalty of his bond, otherwise he would receive something for nothing. When the property seized has been returned, it merely relieves the surety from the payment of its value in case it had not been returned and limits the extent of his liability, but does not reduce the amount or penalty of the bond because he has neither paid nor lost anything on account of his suretyship.      He must still answer to the amount of the penalty for any other default of his principal.      The case of *Hall v. Tillman,* 110 N. C., 220, cited by the learned counsel for the appellant, does not sustain his position, but we think it decides the contrary of what is contended for by him.      We quote from that case at page 224: "Where the property is unjustly withheld by either, and subsequently returned under the decre of the court, compensation is allowed, not only for detention but for deterioration, because the full measure of justice could not be meted out in any other way."      And also at page 229: "The plaintiff will be entitled to receive before the bond can be discharged, if he should prevail in the action, not only the value of the property or the balance of the purchase money as the case may be, with interest, but the costs as incident to his recovery.      *Slaughter v. Winfrey,* 85 N. C., 160; *Long v. Walker,* 105 N. C., 90.      The language of the statute is not so explicit as that of the original section of The Code, but we think it is fairly susceptible of the interpretation that the entire costs of prosecuting the action involving the title to the property should be recovered by a plaintiff who prevails against the defendant and the sureties on the bond."

The plaintiff has recovered the property and is not entitled to its value nor does he claim it, but he is entitled to the damages for the detention and deterioration and the costs,

as these, by the strictest construction of the contract which is always made in favor of the surety, are within its letter and spirit.

One of the clauses in the condition of the appellant's undertaking is that "the plaintiff shall be paid such sum as may for any cause be recovered against the defendant in this action." The plaintiff is therefore, as we have said, entitled to recover the damages assessed for deterioration and detention and the costs, because it was so nominated in the bond, which is drawn according to law. *Hall v. Tillman,* 110 N. C., 220.

We find no error in the judgment of the court below, to which exception has been taken. *Per Curiam.*

No Error.