### HOWARD PATTON, by His Next Friend, D. L. PATTON, v. HEATH BROTHERS.

(Filed 2 December, 1925.)

**Contracts—Sales—Actions—Title — Claim and Delivery—Gifts—Consideration.**

Where an automobile was advertised to be given at an auction sale of lots of land to one present at the beginning and conclusion of the sale of all the lots, as an attraction to obtain bidders, by a drawing of names written upon cards, etc.: *Held*, in an action by one claiming the automobile as having complied with these conditions, it was necessary to his recovery that he show by the greater weight of the evidence that a delivery of the automobile, actual or constructive had been made to him in order that the title had vested in him, whether the transaction be regarded as being upon consideration or a gift.

APPEAL by defendants from judgment of the GUILFORD Superior Court, March Term, 1925, *McElroy, J.* New trial.

Action to recover possession of an automobile. Plaintiff alleges that he is the owner of said automobile, and that defendants wrongfully detain same in their possession. At the time of the institution of the action, plaintiff filed the affidavit and undertaking as provided by statute, and procured the issuance of a writ of claim and delivery. Pursuant to said writ, the sheriff of Guilford County seized and took from defendants the automobile described in the affidavit; thereafter, defendants having executed and filed with the sheriff the undertaking required by statute, the said automobile was returned to defendants.

The issues submitted to the jury, with answers thereto, are as follows:

"1. Is the plaintiff the owner and entitled to the possession of the car described in the pleadings? Answer: Yes.

"2. What was the fair market value of said car at the time of the taking under claim and delivery in this action? Answer: $326.25, without interest."

From judgment upon the verdict, defendants appealed.

*G. M. Patton and R. C. Strudwick for plaintiff.*
*Andrew Joyner, Jr., and E. D. Kuykendall for defendants.*

CONNOR, J. On 6 October, 1923, defendants conducted an auction sale of lots, located near the town of Gibsonville, N. C. Prior to said date, they had advertised that said sale would be held, and had thereby sought to procure the attendance of a large number of persons at said sale. Advertisements were made by means of printed circulars, generally distributed throughout the surrounding country. The following statements were made in said circulars:

PATTON v. HEATH.

"Come out as our guest, whether you buy or not. Take a chance at the new Ford to be given away absolutely free. All you have to do is to be on the ground when the sale starts, and stay there until the sale closes. We guarantee a square deal to every one."

"Saturday, October 6, 1923, 2 p. m. Stay there until after the sale, and this will entitle you to a free chance at the Ford car to be given away at the close of the sale."

Plaintiff, a child of three years of age, was taken to the sale by his parents; prior to the commencement of the sale, cards were distributed among those present, with the announcement by defendants that each person present, who desired to enter the contest for the automobile, should write his name upon a card, and return same to the auctioneer; that at the close of the sale, all the cards would be put in a box and that the automobile would be given to the person whose name was written on the first card drawn therefrom.

Plaintiff's evidence tended to show that the only additional requirement was that contained in the advertisements, to wit, that such person should be on the grounds when the sale started, and stay there until the sale closed; defendants' evidence tended to show that in addition to this requirement, it was announced before the sale began, that unless such person, whose name was first drawn, was present on the last lot sold, at the time of the drawing, and answered to his name, his rights would be forfeited, and second drawing would be conducted; that this would be continued until the prize was properly awarded.

Plaintiff's name was written on a card by his sister, and this card was delivered to the auctioneer; during the progress of the sale, plaintiff was taken by his mother to his father's automobile, at a distance of one hundred and fifty to two hundred yards from the last lot sold, where he fell asleep; when the sale closed, the drawing was held on the last lot sold. Plaintiff's name was on the first card drawn.

Plaintiff's evidence tends to show that when it was announced that his name appeared upon the first card drawn, his father, D. L. Patton, answered in his behalf, and that a friend said that he would bring plaintiff from the automobile, where he was sleeping, to the lot in a few minutes; that this friend went at once for plaintiff, and in a few minutes after his name had been called he was brought into the presence of those who had conducted the drawing, when the claim was made in his behalf, by his father, that he was entitled to the automobile. Defendants' evidence tended to show that when the card on which plaintiff's name was written was drawn, announcement of that fact was made, and that his name was called six or more times, with no response; that thereupon those in charge of the drawing announced that plaintiff not being present, had, under the rules, forfeited all his rights to the automobile, and pro-

ceeded to draw another card; that thereupon the father of plaintiff, insisted that his son had won the automobile, and forcibly prevented a second drawing by scattering the cards about on the ground; that the automobile was subsequently sold and the proceeds distributed among the churches of the town of Gibsonville.

The court charged the jury as follows: "Now, gentlemen of the jury, the court submits the following issues for your consideration:

First. Is the plaintiff the owner and entitled to the possession of the car described in the pleadings? The burden of that issue is upon the plaintiff to satisfy you by the greater weight of the evidence that he is the owner and entitled to the possession of the car in question.

The court charges you, gentlemen of the jury, that if the plaintiff has satisfied you by the greater weight of the evidence that he was there when the sale started and deposited a card in the box with his name on it, or if it was deposited in the box for him by his sister, that he remained on the grounds during the sale and until it was over, and that at the time the drawing took place he was in his father's car on the grounds, within a distance of from 150 to 200 yards from the place where the car was being given away, and if you further find from the evidence, and by the greater weight, that the plaintiff's name was first drawn from the box, and that his name was called one or more times and that his father answered for him and stated, 'That is my son,' and if you further find from the evidence that after his father had answered, he stated to the defendants, or one of them, 'My son is over in the car and will be here in a minute, over there in the car at the place where the sale commenced, and will be here in a minute,' and that he at once sent Ridge after him, or that Ridge went after him, and returned with the boy in two or three minutes and notified defendants that 'Here is the boy'; if the plaintiff has satisfied you by the greater weight of the evidence of these facts, then, gentlemen of the jury, the court charges you that he would be the owner of the car in question, and entitled to the possession thereof, and it would be your duty to answer the first issue, 'Yes'; on the other hand, if the plaintiff has failed to satisfy you by the greater weight of the evidence of these facts, it would be your duty to answer the first issue, 'No.'"

Defendants excepted to this instruction and assigned same as error.

Plaintiff contends that he derived title to the automobile from defendants. To sustain this contention he must rely upon either a sale or a gift of the automobile to him by defendants. The instruction challenged by defendants' exception does not submit to the jury the question as to whether or not there had been a delivery of the automobile to plaintiff by defendants. An affirmative answer to the first issue is not predicated upon the finding by the jury as a fact that the automobile had

been thus delivered, either as the consequence of an executed contract, resulting in a sale, or of a gift. Delivery, either actual or constructive, is essential to the vesting of title to a chattel, as a result of either a sale or a gift. Plaintiff does not seek, in this action, to recover damages for the breach of a contract, but seeks to recover possession of the automobile, upon his allegation of ownership.

A sale is defined by Blackstone, Book II, chap. 30, p. 446, as "a transmutation of property from one man to another in consideration of some price or recompense of value." A contract of sale is not complete, so as to vest title to the subject-matter, until the consideration has been paid, or until delivery has been made by the vendor to the vendee. Black's Law Dict., p. 1053.

A gift defined by Blackstone, Book II, chap. 30, p. 440, as a "voluntary transfer of goods from one person to another, made gratuitously, and not upon any consideration." Delivery is an indispensable requisite to a gift. "To constitute a valid gift, *inter vivos,* there must be an intention to give and a delivery to the donee or to some one for him, of the property given. An intention of the donor to give is not alone sufficient. The intention must be executed by a complete and unconditional delivery. Neither will a delivery be sufficient, unless made with an intention to give. The transaction must show a completely executed transfer to the donee of the present right of property and possession." *Harris Banking Co. v. Miller,* 1 L. R. A. (N. S.) 790; *Thomas v. Houston,* 181 N. C., 91.

The assignment of error based upon the exception to the instruction to the jury, must. be sustained.

An affirmative answer to the first issue cannot be sustained without a finding by the jury, from competent evidence and under proper instructions, that the automobile had been actually or constructively delivered by defendants to plaintiff. This is true whether the transaction was a sale, resulting from a valid contract, or a gift. No title passed from defendants to plaintiff, unless there was a delivery. The delivery may be actual or constructive. *Gross v. Smith,* 132 N. C., 604; *Newman v. Bost,* 122 N. C., 524; *Adams v. Hayes,* 24 N. C., 361.

The question as to whether the transaction was a sale, as contended by plaintiff, or a gift, as contended by defendants, or as to whether there was evidence from which the jury could find that there was a delivery, are not presented upon this appeal. For the error in failing to submit to the jury, in the instruction excepted to, the question as to whether there had been a delivery of the automobile, there must be a
    New trial.