## ORANGE TRUST COMPANY v. J. L. G. HAYES et al.

### (Filed 7 April, 1926.)

**1. Judgments—Claim and Delivery—Replevin Bond—Statutes.**

> Where the defendant in the action has retained possession of the property in claim and delivery, and the plaintiff is successful in the action, the latter is entitled to summary judgment against the surety on the replevin bond given in accordance with the provisions of the statute. C. S., 610.

**2. Claim and Delivery—Replevin Bond—Judgments.**

> Where the plaintiff is successful in his action wherein claim and delivery has been issued, the surety on defendant's replevin bond given in accordance with C. S., 610, is liable for the full amount thereof, to be discharged upon the return of the property and the payment of damages and costs recovered by the plaintiff; or second, if the return cannot be had, the judgment should order that the surety be discharged upon the payment to the plaintiff of the amount of his recovery, within the amount limited in the bond, for the value of the property at the time of its wrongful taking and detention, with interest thereon, together with the cost of the action.

**3. Same—Appeal and Error—Reversible Error.**

> A judgment against the defendant and the surety on his replevin bond in claim and delivery for the value of the property wrongfully detained, but if it should be surrendered within ten days from the date of the judgment, the amount of the judgment be reduced by the value of the property at the time of its delivery, the jury to determine such value if the parties cannot agree, is contrary to the requirements of the statute, and is reversible error, to the prejudice of the surety.

Appeal by N. W. Brown, surety on replevy bond, from *Grady, J.,* at October Term, 1925, of Orange.

*Gattis & Gattis for appellant.*
*A. H. Graham for appellee.*

Stacy, C. J. The case involves the form of judgment to be entered in a claim and delivery proceeding, especially as it undertakes to fix the liability of the surety on the defendant's forthcoming bond.

The plaintiff brought this action, invoking the aid of ancillary proceedings in claim and delivery, to recover the possession of certain articles of personal property, consisting of several pieces of parlor furniture and a $50 liberty bond. The property was seized by the sheriff, but before its delivery to the plaintiff, the defendant replevied and retained possession thereof by giving bond in the sum of $550, conditioned as required by law, with N. W. Brown as surety.

On the trial, it was found by the jury that the plaintiff was the owner and entitled to the possession of the property, and its value was fixed, by agreement, at $150 for the furniture and $50 for the liberty bond. Whereupon, judgment was entered declaring the plaintiff to be the owner and entitled to the possession of the property as found by the jury, with the following provision inserted in the judgment, which was without consent and forms the basis of appellant's exception:

"It is further ordered, adjudged and decreed that the plaintiff is entitled to judgment against the defendant J. L. G. Hayes, and the defendant, Julia Hayes, and N. W. Brown, the surety, and the replevin bond in the amount of $200, same being the value of the furniture and the liberty bond described in the complaint, but if said furniture and liberty bond shall be surrendered by said defendants and their bondsman to the plaintiff in this action within ten days from the date of this judgment then said judgment is to be reduced by the value of said liberty bond and furniture at the time same is delivered to said plaintiff. If the parties to this action cannot agree upon the value of said liberty bond and furniture at the time same should be surrendered, then said question shall be presented to a jury for determination."

This provision, it will be observed, runs counter to the form of judgment usually entered in such cases, and has occasioned the present appeal. The furniture and liberty bond not having been surrendered to the plaintiff within the ten days as provided by the judgment, execution was issued against the surety for the sum of $223.65, the value of the property, plus the costs of the action.

Appellant says that as the judgment against him was a summary one, it should have been entered strictly in accordance with the statute and the terms of his bond, and that the execution, in the first instance, should have been for the seizure of the property and its return to the plaintiff; whereas, under the judgment as rendered, he is without remedy against his principal who refuses to surrender the property to the plaintiff.

It is undoubtedly the law that in claim and delivery proceedings, when the plaintiff recovers, he is entitled to summary judgment against the sureties on the defendant's forthcoming bond, but it must be such as the law sanctions (*Hall v. Tillman,* 103 N. C., 276), and the form of the judgment should be "for the possession of the property, or for the recovery of the possession, or for the value thereof in case a delivery cannot be had, and damages for the detention" (C. S., 610) plus costs, with the further provision that the plaintiff recover of the sureties on the defendant's replevy bond the full amount of such bond, to be discharged, first, upon the return of the property and the payment of the damages and costs recovered by the plaintiff, or, second, if a return of the property

cannot be had, upon the payment to the plaintiff of such sum as may be recovered against the defendant for the value of the property at the time of its wrongful taking and detention, with interest thereon as damages for such taking and detention, together with the costs of the action, the total recovery against the sureties in no event to exceed the penalty of the bond. *Hendley v. McIntyre,* 132 N. C., 276.

Agreeable with the requirements of C. S., 836, the tenor of the defendant's forthcoming bond in the instant proceeding, and on which appellant became surety, is to the effect that, if the plaintiff be adjudged the owner and entitled to the recovery of the possession of the property described in the plaintiff's affidavit, the defendant and his surety bind themselves for the delivery thereof to the plaintiff, with damages for its deterioration and detention, if delivery can be had, together with the costs of the action, and if such delivery cannot for any cause be had, the defendant and his surety bind themselves for the payment to the plaintiff of such sum as may be recovered against the defendant for the value of the property at the time of its wrongful taking and detention, with interest thereon as damages for such taking and detention, together with the costs of the action. *Hall v. Tillman,* 110 N. C., 220. The judgment, therefore, should have followed the statute and the terms of the bond. *Council v. Averett,* 90 N. C., 168.

The condition of the bond is not that the surety binds himself, in all events, to pay to the plaintiff whatever sum may be fixed as the value of the property, at the time of its wrongful taking and detention, with interest thereon as damages for such taking and detention, together with the costs of the action, but this he agrees to do if for any reason the property cannot be returned. *Motor Co. v. Sands,* 186 N. C., 732; *Randolph v. McGowans,* 174 N. C., 203. And where, as in the case at bar, the property can be taken in execution and the surety held in damages for its deterioration and detention, together with the costs of the action, we think it is but just to the surety to require the judgment to be entered in form as prescribed by the statute so that he can insist upon his rights and have the property returned to the plaintiff, thus reducing his liability, according to the terms of his bond, to damages for the deterioration and detention of the property, together with the costs of the action. If this be not done, the surety would be greatly inconvenienced if not without remedy against his defaulting principal in the present proceeding.

The judgment will be vacated and the cause remanded, to the end that a judgment as above indicated may be entered on the verdict.

Error and remanded.