GARLAND POLSON, THROUGH HIS NEXT FRIEND, G. L. POLSON, v. J. M. STRICKLAND, THE TEXAS OIL COMPANY, A CORPORATION, AND E. V. CARTER.

(Filed 2 March, 1927.)

**Claim and Delivery — Judgments — Damages — Motion to Reinstate — Pleadings.**

While the successful plaintiff in claim and delivery is entitled to recover the property when it can be returned, together with damages for its depreciation, C. S., 836, after a judgment for the delivery of the property

alone, a motion to reinstate the action for the purpose of inquiry as to damages for its depreciation cannot be allowed when the pleadings and evidence sustain the issues submitted upon which the judgment has been rendered, the judgment in that case being final and not interlocutory.

APPEAL by defendants from *Grady, J.,* at October Term, 1926, of NASH. Reversed.

The necessary facts will be set forth in the opinion.

*J. A. Edgerton and Thorne & Thorne for plaintiff.*
*E. B. Grantham and Cooley & Bone for defendants.*

CLARKSON, J. This was an action to recover of defendants a Ford automobile. The ancillary proceeding or provisional remedy of claim and delivery was resorted to, and the Ford automobile seized, and defendants gave replevin or undertaking as required by the statute. C. S., 836.

Plaintiff prayed, in substance, that he be declared the owner and entitled to the immediate possession of a Ford car, describing it, and that he recover of the defendants J. M. Strickland and the Texas Oil Company, and their surety, M. J. Hedrick, the cost of this action, to be taxed by the clerk; but if for any reason the possession of the said Ford car cannot be had, then the plaintiff prays the court for judgment against the said parties in the amount of $250, together with the cost, etc., and for such other and further relief as the plaintiff is entitled.

The issues submitted to the jury, and their answers thereto, were as follows:

"1. Is the plaintiff, Garland Polson, the owner of the Ford car, as alleged in the complaint? Answer: 'Yes.'

"2. What is the value of the car? Answer: '$250.' "

These were the material issues raised by the pleadings and prayers of plaintiff.

A judgment was rendered on the verdict, February Term, 1926: "That the plaintiff recover of the defendants the Ford automobile described in the pleadings, and in the event actual delivery of said automobile cannot be made to the plaintiff, then plaintiff shall have and recover of the defendants and M. J. Hedrick, surety on their replevin bond, the value thereof, $250, and the costs of this action." It may be noted that M. J. Hedrick was not made a party to the action.

At October Term, 1926, the plaintiff made a motion that the action be reinstated on the docket of the court, and an issue as to damages for the deterioration and detention of the car be submitted to the jury—the facts in respect of the damages to the property not being known to the plaintiff in the action; and the fact of the damages becoming known to the plaintiff only after execution issued on the judgment for the possession

of the property, and the property placed in the hands of the plaintiff, when he had his first chance to know the fact of damage by reason of deterioration and detention.

Defendants contend that plaintiff's position is untenable; that final judgment had already been rendered, based upon the issues submitted at the trial by the court, without objection upon the part of the plaintiff, and the case had gone off the docket.

The plaintiff could have retained the action on the docket to determine "if delivery can be had, what were plaintiff's damages for deterioration and detention." C. S., 836; *Moore v. Edwards,* 192 N. C., p. 446. This aspect was entirely overlooked and judgment was for the recovery of the Ford automobile, or its value and costs. See *Trust Co. v. Hayes,* 191 N. C., p. 543, as to form of judgment in claim and delivery proceeding. C. S., 610.

"A judgment is either interlocutory or *the final determination* of the rights of the parties in the action." C. S., 592.

A judgment is decisive of the points raised by the pleadings, or which might be properly predicated upon them, and does not include matters which might have been brought in, but which were not joined or embraced in the pleadings.

The judgment is final in the present action, in so far as the pleadings and issues are determinative of the facts in dispute. The court below was without power to make the order to reinstate on the trial docket. C. S., 600, allows a judgment, within one year after notice thereof, to be set aside for mistake, inadvertence, surprise, or excusable neglect. See *Foster v. Allison Corp.,* 191 N. C., p. 166; 44 A. L. R., p. 610.

It may be noted that where a separate action was instituted under similar facts as here, we said, in *Moore v. Edwards, supra,* at pp. 448-449: "We can find no statutory provision prohibiting separate actions in a case of this kind. It is, no doubt, better practice to try out the entire controversy in one action. . . . It will readily be seen by the issues and judgment in the former action of *Moore v. Mitchell* that plenary issues were not submitted. The condition in the bond was 'with damages for its deterioration and detention, and the cost, if delivery can be had.' No issue was submitted, 'If delivery can be had, what were plaintiff's damages for deterioration and detention?' Under the issues and judgment, we cannot hold that in the present action the plea of estoppel or *res judicata* can avail defendant." *McInturff v. Gahagan, ante,* p. 147.

For the reasons given, the judgment below is

Reversed.