### W. E. HARRELL v. I. A. TRIPP ET AL.

(Filed 18 September, 1929.)

**1. Trial E c—Instructions that omit contention of defense supported by evidence held erroneous.**

Where, in an action in claim and delivery involving the title to an automobile, there is evidence tending to show that the plaintiff bought the car for himself and *per contra* that he made a gift of the car to the two daughters by delivering the car with intent to pass title either to their father for them or to them direct, an instruction that limits the defense to the evidence to the effect of an immediate delivery by the father to his daughters and deprives the defendant of their defense upon the second phase thereof of the gift direct to the daughters is reversible error.

**2. Gifts A a—Actual or constructive delivery with present intent to pass title necessary to gift inter vivos.**

To constitute a gift of personal property *inter vivos* there must be actual or constructive delivery of the thing given with the present intent to pass the title to the donee.

**3. Replevin G a—The correct form of judgment for plaintiff in action in claim and delivery.**

Where the defendant in claim and delivery replevies the property, giving bond for the retention to cover loss in the action, the form of the judgment against him should require the delivery of the property with damages for its detention and costs and against the surety on the bond for damages and costs within the amount of the penalty thereon, or, in the event that delivery of the property cannot be had, for the value at the time of its wrongful detention with interest as damages therefrom, and costs, and likewise against the surety within the penalty of the bond, the surety to be discharged upon such payment.

APPEAL by defendants from *Cowper, Special Judge,* at Special March Term, 1929, of BERTIE.

Action in claim and delivery to recover the possession of one Ford coupe, Engine No. 11710751. The property was seized by the sheriff, but before its delivery to the plaintiff, the defendant, I. A. Tripp, replevied and retained possession thereof by giving bond as required by law, with H. P. Sewell as surety.

Plaintiff contends that he bought the car in question and loaned it to I. A. Tripp for the use of his two daughters. The defendants, on the other hand, contend that the plaintiff bought the car and gave it outright to Estelle and Elizabeth Tripp.

It is conceded that the plaintiff took I. A. Tripp along with him when he purchased the car and permitted or requested the said Tripp to drive it home, the plaintiff preceding him in his Buick automobile. When they arrived at the Tripp home, Estelle Tripp testifies that the plaintiff said: "There is the car; get in and take a ride." She further testified: "Mr. Harrell stayed while Elizabeth, father and I went to ride. We kept the car five or six weeks before this action was begun."

It is suggested that the plaintiff wished to marry one of the young ladies at the time he purchased the car and had her father drive it home, but, failing in this, he now desires to repossess it. Title to the car, at the time it was purchased, 10 July, 1925, was issued in the name of I. A. Tripp. Another certificate of title was issued to the plaintiff for the same car on 28 July, 1925, without the first being surrendered or canceled.

The jury answered the issue of ownership in favor of the plaintiff and fixed the value of the car at $550. Judgment on the verdict for plaintiff with the following provision inserted therein: "And it appearing that the value of the said car has been fixed at the sum of $550 on the day of seizure of the same, it is further considered and adjudged that plaintiff, W. E. Harrell, recover of I. A. Tripp and H. P. Sewell, surety upon the replevy bond, the sum of $550 with interest thereon from 18 July, 1925, and the costs of this action to be taxed by the clerk of this court." Exception by defendants.

The defendants appeal, assigning errors.

*Gillam & Spruill and Winston & Matthews for plaintiff.*
*L. W. Gaylord and J. A. Pritchett for defendants.*

STACY, C. J., after stating the case: The validity of the trial is called in question by a number of exceptions and assignments of error, but consideration of them *seriatim* is omitted, as we deem it necessary to award a new trial for error in the following instruction on the issue of ownership, which forms the basis of one of the defendants' exceptive assignments of error:

"The court further charges the jury that if the jury shall find from the evidence that the plaintiff permitted Mr. Tripp to drive the car to his home, but that he did not either by words or by unequivocal conduct, authorize the father to deliver the said car to his daughters, and that

the said car was not immediately upon the surrender of the same to Mr. Tripp, placed in the possession of or control of the daughters, then the jury will answer the first issue, Yes."

The vice of this instruction lies in the fact that it requires an undue immediacy of delivery on the part of Mr. Tripp to his daughters, and further deprives the defendants of their contention, based on the testimony of Estelle Tripp, that delivery of the car was made direct to the *feme* defendants by the plaintiff himself. The position of the defendants that the instruction is unduly restrictive of their evidence would seem to be well taken.

The decisions in this jurisdiction are to the effect that, to constitute a valid gift of personal property *inter vivos,* there must be an actual or constructive delivery of the thing given with the present intent to pass the title to the donee. *Handley v. Warren,* 185 N. C., 95, 116 S. E., 168; *Patton v. Heath,* 190 N. C., 586, 130 S. E., 500; *Thomas v. Houston,* 181 N. C., 91, 106 S. E., 466. "To constitute a valid gift *inter vivos* there must be an intention to give and a delivery to the donee, or to some one for him, of the property given." *Harris Banking Co. v. Miller,* 1 L. R. A. (N. S.), 790. See, also, *Parker v. Mott,* 181 N. C., 435, 107 S. E., 500 and cases there cited.

It would also seem that the form of the judgment as pointed out in *Trust Co. v. Hayes,* 191 N. C., 542, 132 S. E., 466, should be "for the possession of the property, or for the recovery of the possession, or for the value thereof in case a delivery cannot be had, and damages for the detention" (C. S., 610), plus costs, with the further provision that the plaintiff recover of the surety on the defendant's replevy bond the full amount of such bond, to be discharged, first, upon the return of the property and the payment of the damages and costs recovered by the plaintiff; or, second, if a return of the property cannot be had, upon the payment to the plaintiff of such sum as may be recovered against the defendant for the value of the property at the time of its wrongful taking and detention, with interest thereon as damages for such taking and detention, together with the costs of the action, the total recovery against the surety in no event to exceed the penalty of the bond. *Polson v. Strickland,* 193 N. C., 299, 136 S. E., 873.

For the errors, as indicated, a new trial must be awarded; and it is so ordered.

New trial.