H. G. NASH ET AL. v. CITY OF MONROE ET AL.

(Filed 6 May, 1931.)

**Appeal and Error K d—Judgment on former appeal held final, and action of trial court reinstating cause and making new parties held error.**

Where it has been finally adjudicated, in an action involving the question, that a city may not pledge its faith and credit by executing a note for the purchase of hospital equipment, but may purchase such equipment out of available funds in its treasury, and later the city claims to have done so out of available funds: *Held,* an order reinstating the case and making the bank which had formerly accepted the note, which had been canceled, and the seller of the equipment parties, is error, the judgment entered on the former appeal being final and not subject to be revived, the only question remaining being whether the city had the available funds for the purpose, in which the new parties were not interested.

CIVIL ACTION, before *McElroy, J.,* at October Term, 1930, of UNION.

This cause was considered by the Supreme Court and the opinion of the Court reported in 198 N. C. Thereafter, on 24 February, 1930, the board of aldermen of the city of Monroe met in regular session and

adopted a resolution declaring that the note for $5,000, dated 10 July, 1929, and due 1 January, 1930, be declared void, and that the treasurer of the city be ordered not to pay said note or any interest thereon. On the same date Dr. A. F. Mahoney offered to sell to the city, hospital equipment referred to in the former case, for the sum of $5,000. Thereupon the board of aldermen adopted a resolution setting out that the city now had in its treasury over $5,000, and that the property offered by Mahoney was worth more than said amount. It was thereupon ordered that the city purchase the said hospital equipment and pay Dr. Mahoney out of its funds then in hand the sum of $5,000. The money was accordingly paid, and the record discloses. that thereafter the note of $5,000, marked paid by the First National Bank, the holder thereof, was delivered to the clerk of the city of Monroe, although it does not appear who paid the note. It was further ordered by the city council that the costs in the former action be. paid together with attorney's fees.

Thereafter, on 1 October, 1930, the plaintiff made a motion in the cause requesting the court to make the First National Bank and Dr. A. F. Mahoney parties defendant, and that said plaintiff be allowed to file an amended complaint. Thereupon, at the October Term, 1930, the trial judge entered an order "that the action be reinstated on the docket; that the First National Bank of Monroe and Dr. A. F. Mahoney be made parties defendant in the above-entitled action, and that summons be duly issued to each of said defendants, and the plaintiff be allowed to file an amendment to his complaint," etc.

From the foregoing judgment the defendant, city of Monroe, appealed.

*J. Laurence Jones and J. L. Delaney for plaintiff.*
*John C. Sikes and Gilliam Craig for defendant.*

BROGDEN, J. The plaintiff insists that the order of the trial judge was an interlocutory order, and that an appeal was premature and should be dismissed. The defendant, upon the other hand, contends that the judgment in the former action was a final judgment, and consequently, the trial judge had no authority to resurrect a dead case and put it back on the trial docket.

The contention of defendant is sound and is directly supported by *Polson v. Strickland,* 193 N. C., 299. See, also, *Moore v. Edwards,* 192 N. C., 446.

The suit was brought originally to restrain the payment of the note and to prevent the city from including the amount of the note in the budget. In the former opinion the Court held that while no tax could be levied for the purpose of discharging the indebtedness, notwithstand-

ing, if the city "had the money in its treasury, it could purchase equipment for its hospital." Thereafter, the city purchased the equipment from Dr. Mahoney and contends that the purchase price thereof was paid out of current funds then in the treasury. The only question then, open to contest is, did the city have the money, legally available, for making the purchase? Neither the bank nor Mahoney has any legal interest in this question, and the order bringing them into court was improvidently made.

Upon consideration of all the facts and circumstances, it is obvious that a moot question only is presented. The policy of the law with respect to such is well settled.

Reversed.