C. O. H. BOYD, TRADING AS NEW BERN FERTILIZER COMPANY, v.
F. P. WALTERS.

(Filed 30 September, 1931.)

1. **Appeal and Error E h—Where there is no statement of case on appeal the Supreme Court is limited to correctness of judgment excepted to.**

    Where the record contains no statement of case on appeal the Supreme Court is limited to the consideration of the judgment, the appeal being regarded as an exception thereto.

2. **Replevin G a—Correct form of judgment for plaintiff in action in claim and delivery where defendant replevies property.**

    Where the defendant in claim and delivery replevies the property, giving bond for the retention to cover loss in the action, the form of the judgment against him should be for the possession of the property with damages for its detention and costs, or for the value thereof if delivery cannot be had and damages for its detention, and against the surety on the bond for the full amount of the bond, to be discharged upon return of the property and the payment of damages and costs recovered by the plaintiff, or, if the return of the property cannot be had, upon payment of the value of the property at the time of its detention with interest thereon as damages, and costs, the recovery against the surety in no event to exceed the penalty of the bond. C. S., 610, 836.

APPEAL by defendant from *Devin, J.,* at May Term, 1931, of CRAVEN.

Civil action in claim and delivery, wherein the personal property seized was replevied, N. E. Mohn becoming surety on defendant's forthcoming bond.

The defendant's indebtedness was found to be $227.00 and the value of the property taken in claim and delivery fixed at a like amount at the time of its seizure.

From a judgment that "the plaintiff have and recover of the defendant and the surety on his replevy bond, N. E. Mohn, the sum of $227.00," with interest and costs, the defendant appeals.

*R. E. Whitehurst for plaintiff.*
*Shaw & Jones for defendant.*

STACY, C. J. The record contains no statement of case on appeal, hence we are limited to a consideration of the judgment, the appeal itself being regarded as an exception thereto. *Casualty Co. v. Green,* 200 N. C., 535, 157 S. E., 797.

Agreeably to the requirements of C. S., 836, the tenor of the defendant's forthcoming bond is to the effect that, if the plaintiff be adjudged the owner and entitled to the recovery of the possession of the property described in the plaintiff's affidavit, the defendant and his surety bind themselves for the delivery thereof to the plaintiff, with damages for its deterioration and detention, if delivery can be had, together with the costs of the action, and if such delivery cannot for any cause be had, the defendant and his surety bind themselves for the payment to the plaintiff of such sum as may be recovered against the defendant for the value of the property at the time of its wrongful taking and detention, with interest thereon as damages for such taking and detention, together with the costs of the action. *Hall v. Tillman,* 110 N. C., 220, 14 S. E., 745. The judgment, therefore, should have followed the statute and the terms of the bond. *Council v. Averett,* 90 N. C., 168.

As pointed out in *Trust Co. v. Hayes,* 191 N. C., 542, 132 S. E., 466, the form of the judgment in claim and delivery, when the plaintiff recovers and summary judgment is taken against the surety, should be "for the possession of the property, or for the recovery of the possession, or for the value thereof in case a delivery cannot be had, and damages for the detention" (C. S., 610), together with the costs of the action, with the further provision that the plaintiff recover of the surety on the defendant's replevy bond the full amount of such bond, to be discharged, first, upon the return of the property and the payment of the damages and costs recovered by the plaintiff, or, second, if a return of the property cannot be had, upon the payment to the plaintiff of such sum as may be recovered against the defendant for the value of the property at the time of its wrongful taking and detention, with interest thereon as damages for such taking and detention, together with the costs of the action, the total recovery against the surety in no event, however, to exceed the penalty of the bond. *Harrell v. Tripp,* 197 N. C., 426, 149 S. E., 548; *Polson v. Strickland,* 193 N. C., 299, 136 S. E., 873. See, also, *McCormick v. Crotts,* 198 N. C., 664, 153 S. E., 152.

The cause, therefore, will be remanded for judgment in accordance herewith.

Error and remanded.