W. T. GREENE v. E. L. CARROLL AND J. E. CARROLL, TRADING AS ROXIE THEATRE.

(Filed 22 November, 1933.)

1. **Evidence H e—Testimony by defendant's employee as to admission of party under whom plaintiff claims held incompetent as hearsay.**

    In an action by the assignee of a lease against the lessor to recover certain lamps and equipment used in a moving picture theatre, the assignee claimed title by purchase from the lessee, and the lessor claimed that the lamps had been substituted for the original fixtures by the lessee and that by agreement title thereto remained in the lessor: *Held*, testimony of a former employee of the lessor as to a conversation between the lessor and the lessee in which the lessee admitted title in the lessor is incompetent as hearsay, and was properly excluded.

2. **Evidence B a—Where plaintiff makes out prima facie case the burden of going forward with the evidence shifts to defendant.**

    The burden is on plaintiff seeking to recover certain articles of personal property to prove his title, but where he has made out a prima facie case of ownership by showing his purchase of the property from a third

person, the burden of going forward with the evidence shifts to defendant to show the particular facts upon which he bases his claim of title, and under the facts of this case the court's use of the expression the "burden shifts" to the defendant is held not prejudicial, the court charging that the burden of the issue was on plaintiff.

3. **Estoppel C a—Owner failing to assert title under circumstances calling for such assertion is estopped as against subsequent purchaser.**

Where a lessee of a moving picture theatre, the plaintiff in the action, claims title to certain personal property as purchaser from a former lessee, evidence tending to show that he had told the lessor of the theatre, the defendant, that he was going to purchase the property from the former lessee, establishes a situation calling for an assertion of title thereto by the lessor, if any he has, and his failure to do so will estop him from claiming the property after the plaintiff has bought the property and paid for it, and the evidence in this case is held to support the trial court's instruction on this aspect of the case.

STACY, C. J., dissents.

APPEAL by defendants from *Harding, J.,* and a jury, at August Term, 1933, of GASTON. No error.

Since the beginning of this action J. R. (J. E.) Carroll, one of the defendants, has died, and E. L. Carroll has been duly appointed as administrator of his estate and made party defendant to this action.

This was a civil action, brought by plaintiff against defendants to recover certain personal property and the ancillary remedy of claim and delivery was taken out.

Plaintiff contends in his complaint that he was the owner of certain lights known as Strong Lamps (and a stove, which having been delivered, was not in controversy) claiming to have purchased them from one Beam, who was a lessee of the defendants of a picture theatre in Bessemer City. That after a fire in the picture theatre canceling the lease in accordance with its terms, the plaintiff demanded to have the lights turned over to him, and defendants refused. The plaintiff based his claim to the property on his purchase from Beam, alleging that the lights were never the property of the lessors, the defendants, not being included in the lease.

The defendants contend in their answer that the lights were their property, having been substituted by agreement with Beam for the lights that were in and part of the equipment of the picture theatre when leased by said Beam, and that the defendants had never parted title to the same, either to Beam or to Greene. There was evidence to sustain the contentions of the plaintiff and defendants.

The issues submitted to the jury and their answers thereto, were as follows:

"1. Is the plaintiff the owner of and entitled to the possession of the property described in the complaint? Answer: Yes.

2. Does the defendant wrongfully withhold possession of the same from the plaintiff? Answer: Yes.

3. What was the value of the property at the time of the commencement of this action? Answer: $600.00.

4. What damage, if any, is plaintiff entitled to recover of the defendants by reason of the wrongful detention of the property described in the complaint? Answer: 6 per cent from the date of the issuing of the summons in this case answered by the judge as a matter of law based on the jury's answer of first, second and third issues."

The court below rendered judgment on the verdict. The defendants made numerous exceptions and assignments of error and appealed to the Supreme Court. The necessary facts and material exceptions and assignments of error will be set forth in the opinion.

*John A. Wilkins for plaintiff.*
*S. J. Durham for defendants.*

CLARKSON, J. Plaintiff, W. T. Greene, testified in part: "Operated the Roxie Theatre at Bessemer City, N. C., leasing it from Ennis Beam of Shelby, N. C., purchasing from Beam two Strong lamps and rectifiers, which were in the theatre at Bessemer City, paying Mr. Beam one thousand dollars for them. They are not connected with the machine. Had conversation with Mr. Beam in presence of defendant, E. L. Carroll. (By the Court: Just state what you said and what they said.) We went over there and told Mr. Carroll that I had purchased the property. (By the Court: Who do you mean by 'we'?) Mr. Beam and Mr. Plummer and I. We went to Bessemer City and saw Mr. Carroll there, Mr. E. L. Carroll, and I told him that I had bought these Strong lamps and stove, and I was going to operate the theatre and he said it was agreeable to him. (The Court: Who is 'he'?) Mr. Carroll said it was agreeable with him—that all he was looking for was the rent from the building. Mr. Carroll did not indicate that he had claim on the lamps, and I did not know he had a claim on them. Did not know that Mr. Beam was liable to Mr. Carroll for them. Carroll did not indicate Beam was liable for them to him. . . . I asked Mr. Carroll if he would charge me anything to leave the lamps in the building, and he told me he might want to buy them from me if he fixed up the theatre, and it would be all right for me to leave them. I demanded the lamps afterwards and he told me I could not move them. That was my first intimation that he claimed them. He allowed me to move no equipment. Said that Mr. Beam owed his rent and he did not want to turn the lamps loose until rent was paid. I took claim and delivery for the property."

The defendant E. L. Carroll testified, in part: "My equipment was complete with lights at time I leased to Mr. Beam, and Mr. Beam by

agreement with me exchanged my light for the Strong lamps. The Strong lamps and rectifiers substituted the lights I had. Mr. Beam traded my lights for the Strong lamps. I never sold to Mr. Beam or to Mr. Greene, my lighting equipment, and they have never tendered me my lights back. Mr. Beam and I agreed that he might swap the lamps, and the lamps he got were to be substituted for mine. A fire happened after about three months."

D. H. Payne testified: "Operated the Roxie Theatre both before and after the fire for Mr. Carroll and his brother. Q. State whether or not you have heard Mr. Beam make any statement with respect to the title of Mr. Carroll and his brother or Mr. Greene. (Objection by plaintiff; sustained, exception.) (If allowed to answer, Mr. Payne would have said 'Yes.') Q. Whose (lamps) did he say they were? (Objection by plaintiff; sustained, exception.) (If allowed to answer Mr. Payne would have said 'Mr. Carroll.') I was operating the theatre before the lease and it had Mazda lights, which were the usual lights at that time. After the fire there were Strong lamps there, the Mazda lamps had been removed. It would not have been a complete picture machine without lights. (Cross-examination): The lamps were attached to the machine with two rods running through the frame." Defendant offers subpoena for Mr. Beam. It is endorsed "not to be found."

We do not think the exceptions and assignments of error can be sustained.

In 10 R. C. L., part sec. 132, p. 958, the following principle is laid down: "Hearsay denotes that kind of evidence which does not derive its value solely from the credit to be given to the witness himself, but rests also, in part, on the veracity and competency of some other person. Such evidence is generally inadmissible to prove or disprove a material fact involved in the issue between the parties. The reason for this rule of exclusion is that hearsay is not subject to the ordinary tests required by law for ascertaining its truth, the author of the statements not being exposed to cross-examination in the presence of a court of justice, and not speaking under the penal sanction of an oath, there being no opportunity to investigate his character and motives, and his deportment not being subject to observation." N. C. Handbook of Evidence (Lockhart-Rucker, 2d ed., 1931), sec. 138; *S. v. Lassiter,* 191 N. C., 210; *S. v. Green,* 193 N. C., 302; *S. v. Blakeney,* 194 N. C., 651; *S. v. Simmons,* 198 N. C., 599.

There are exceptions to the general hearsay rule that it is unnecessary to discuss, as we do not think this comes under any exception. In fact, the learned counsel for defendant cites no authority to support his contention that this hearsay evidence is admissible.

The defendants contend that the charge on the burden of proof was erroneous. We think not, under the facts and circumstances of the case.

The plaintiff contended that he was the owner of the property and had purchased it from Beam. The defendants denied this, and contended that they were the owners and that they had certain lamps and that they and Beam agreed that he might "swap" the lamps, and the lamps he received were to be substituted for theirs. The charge of the court on this aspect, was: "The court charges you, gentlemen, if you shall find by the greater weight of the evidence, the burden being on the plaintiff, that he bought this property from Beam and paid him for it and nothing else appearing, the plaintiff became the owner of it. That would make it a prima facie case of ownership, and nothing else appearing, plaintiff, Greene, then became the owner of the property. He bought it from Beam. Then the burden shifts to the defendants and if the defendants have satisfied you that there was an agreement between Beam and the defendants that Beam should be permitted to take the Mazda lamps over to Charlotte and swap them off and get other lamps and put in the place, and the new lamps should be substituted for the old lamps, then the court·charges you that Beam had no title. Even though he paid a thousand dollars for it. The burden is on defendants to satisfy you there was such agreement. . . . The burden is on the plaintiff to satisfy you that he is the owner of the property, and if he has so satisfied you by the greater weight of the evidence, you will answer the issue 'Yes.' If he has failed to so satisfy you, you will answer it 'No.' "

In *Speas v. Bank,* 188 N. C., 524 (530-1), we find the following: "Ordinarily, the burden of proof is on the plaintiff, for he usually has the burden of the issue. Especially is this so where the defendant simply traverses the allegations of the complaint under a general denial, or where he undertakes to establish facts and circumstances, not by way of confession and avoidance, but in denial of the allegations upon which plaintiff seeks to recover. Chamberlayne Ev., secs. 944 and 947. But in many cases the burden of proof is on the defendant, either as to the whole case, or on some of the issues properly joined. He has the burden of establishing all affirmative defenses, whether they relate to the whole case or only to certain issues in the case. As to such defenses, he is the actor, and hence he must establish his allegations in such matters by the same degree of proof as would be required if he were plaintiff in an independent action. This is not a shifting of the burden of proof; it simply means that each party must establish his own case. *Auslin v. R. R.,* 187 N. C., 7; *Page v. Mfg. Co.,* 180 N. C., 330; *Shepard v. Tel. Co.,* 143 N. C., 244." N. C. Handbook of Evidence, *supra,* sec. 224. The use of the expression the "burden shifts" in the charge is not prejudicial, the charge meant that each party must establish his own case. Under the facts and circumstances of this case, we do not think the charge prejudicial. The court charged the jury as follows: "If you

find that Greene, before he went into possession or paid any money for it, or consummated the contract, went to see Carroll and told him he was about to buy this property and also the theatre—to sublet it—and Carroll said it was agreeable to him, that all he wanted was his rent, and Carroll sat up, knowing he was the owner of the property by the fact of substitution, and let Greene go ahead and buy from Beam, then Carroll is estopped to deny title. Because if Carroll owned those lamps by virtue of the contract of substitution and Greene came to him and told him he was buying those lamps outright from Beam, it was then his duty to speak up and say Beam didn't own them—that it belonged to him. If you buy, you do so at your own peril. If he was informed and Carroll sat up and didn't say a word about it, he is estopped. If you find that Greene actually purchased the property from Beam and the defendant made no claim of title." *Winstead v. Farmer,* 193 N. C., 405; *Thomas v. Conyers,* 198 N. C., 229 (234); *S. v. Wilson, ante,* 376.

Defendants contend that the charge, though correct as a legal proposition, does not arise on the evidence of plaintiff. We cannot so hold. We think the evidence is susceptible of the view the court below took of it in the charge to the jury, at least it is not prejudicial.

We think the motion of defendants for judgment as of nonsuit at the close of all the evidence, C. S., 567, cannot be sustained. We see no error in the judgment, we think it is in accordance with the authorities. 23 R. C. L., p. 911; C. S., 610; *Trust Co. v. Hayes,* 191 N. C., 542; *Polson v. Strickland,* 193 N. C., 299; *Harrell v. Tripp,* 197 N. C., 426, 428.

The main question in this controversy was one of fact for the jury to determine. They have found for plaintiff, in law we find

No error.

STACY, C. J., dissents.